L. MAHALOVITCH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

On the trial of an indictment for keeping "a disorderly house," it was not error in the judge to permit the state to prove by a policeman that he had gone to the house to arrest a criminal, and that the defendant, who was then keeping the house, secreted the person he was seeking in a closet. Such an act, standing alone, would not be sufficient upon which to base a conviction, but it might be one act, among others, going to show that the house was a disorderly one.

Criminal law.    Evidence.    Disorderly house.    Before Judge COWART.    City Court of Atlanta.    December Term,  1874.

This case is sufficiently reported in the above head-note.

GOODWIN & ANDERSON, for plaintiff in error.

W. D. ELLIS, solicitor general *pro tem.*, for the state.

McCAY, Judge.

Such an act as this standing alone would not make out a case against the defendant.    But in cases of this character, acts very insignificant of themselves, may, with other acts, make the defendant guilty.    In the present case, there is evidence of disorder added to this, the act complained of.    If true, it shows the defendant's house to be a place of resort for offenders against the law, and that he aids, secretes and abets them.    The act gives color to the other acts—stamps the temper with which they are done.    A house in which fugitives from justice are harbored can be very fairly said to be ill-governed and disorderly.    We admit that the case made is not a very strong one, but the jury and the judge seem to

have thought the case sufficiently proven, and we have not the right, if we had the wish, to interfere, since there is, without question, evidence to sustain the verdict.

Judgment affirmed.