HINES *v.* ETHERIDGE *et al.,* commissioners, *et al.*

No. 8656.   DECEMBER 16, 1931.

*H. A. Allen, J. Ira Harrelson,* and *George G. Finch,* for plaintiff.
*Charles B. Shelton, H. T. Patterson,* and *Lawrence S. Camp,*
for defendants.

HINES, J.   Clarence Hines, as a citizen and taxpayer of Fulton
County, brought this proceeding in his own behalf and in behalf
of others similarly situated, to enjoin the board of commissioners of
roads and revenues of Fulton County from putting into effect the
act of August 9, 1929 (Ga. Laws 1929, p. 551), which provides
for the merger of Campbell County with Fulton County, and to
enjoin the clerk of the superior court of Fulton County from
receiving any papers, records, or pleadings from the clerk of
the superior court of Campbell County or from the clerk of the
city court of Fairburn.   He bases his right to the relief sought on
the contention that this act is unconstitutional and void, upon
various grounds which we will now consider.

Par. 1 of sec. 20 of art. 6 of the constitution of this State

provides that "All courts not specially mentioned by name in the first section of this article may be abolished in any county, at the discretion of the General Assembly." Petitioner insists that this act undertakes to, abolish courts specially mentioned in the first section of this article, and that for this reason it is unconstitutional and void. The first section of this article specially names the Supreme Court, the Court of Appeals, superior courts, courts of ordinary, justices of the peace, and commissioned notaries public. Civil Code (1910), § 6497. The operation of this act, after its ratification and adoption, will have the effect of abolishing some of the courts specially mentioned in this section of this article of the constitution upon January 1, 1932. Does this effect of this act render it unconstitutional and void? It is true, as a general proposition, that the legislature can not abolish or diminish the jurisdiction of courts established by the constitution of this State. This principle, however, does not prohibit the legislature from abolishing these courts by merger of counties. Par. 5 of sec. 1 of art. 11 of the constitution of this State declares that "Any county may be dissolved and merged with contiguous counties, by a two-thirds vote of the qualified electors of such county, voting at an election held for that purpose." Civil Code (1910), § 6598. These two provisions of the constitution of this State must be. construed together and as a whole. In view of the express provision contained in par. 5 of sec. 1 of art. 11 of the constitution, which provides for the dissolution and merger of contiguous counties, it can not be held that this act is unconstitutional and void because in conflict with par. 1 of sec. 20 of art. 6 of the constitution, which prohibits the abolition by the legislature of constitutional courts. Both provisions of the constitution must stand; and must be so construed as not to render the provision for the dissolution and merger of contiguous counties unconstitutional and void because of the provision of this instrument prohibiting the legislature from abolishing constitutional courts. So construing these two provisions, their meaning is that the legislature can not abolish constitutional courts and constitutional officers where the purpose of the act is to accomplish this alone; but where the constitution grants to the legislature the power to merge contiguous counties, which is done in conformity to the power, and where the merging act has the incidental effect of superseding certain courts existing

in the merged county by those of the county into which the merged county is absorbed, and of abolishing certain offices held under general provisions of the constitution in the county absorbed, such merger act is not unconstitutional and void because in conflict with the provision of the constitution inhibiting the abolition of constitutional courts and officers. There is no warrant for holding that a statute passed in pursuance of one provision of the constitution is unconstitutional and void for the reason that the provision under which the act is passed conflicts with another provision of the constitution, which, standing alone, might be in conflict with the provision under which the legislative act is passed. In such circumstances it is the duty of the court to construe the constitutional provision providing for the merger of counties as conferring, by necessary implication, upon the legislature the power of enacting legislation for the merging of contiguous counties, although the incidental effect of such acts may be to supersede consitutional courts and abolish constitutional officers existing in the counties merged at the dates when the merger acts become effective.

■ Par. 22 of sec. 7 of art. 3 of the constitution of this State confers upon the General Assembly the power to make all laws and ordinances, consistent with the constitution of this State and not repugnant to the constitution of the United States, which they may deem necessary and proper for the welfare of the State. Petitioner contends that this act is a delegation of the power conferred upon the legislature by this provision of the constitution, by reason of the referenda in the act to the voters of these counties, which require that before this act shall become operative it shall be adopted by two thirds of the qualified voters of Campbell County, voting at an election for that purpose, and by a majority of the registered voters of Fulton County, voting at an election for that purpose. This contention is without any merit whatever. This State has been committed for many years to the doctrine that the legislature may submit to the electorate the question whether legislation framed and approved by the General Assembly shall become operative. As the adoption of the constitution of this State itself was made dependent upon the vote of the people, it is not easy to perceive why the adoption of a statute providing for the merger of contiguous counties should not be left to a vote of the people of the counties affected by the merger. *Caldwell v. Barrett,* 73 *Ga.* 604;

*Mayor &c. of Brunswick* v. *Finney,* 54 *Ga.* 217 (6); *Coleman* v. *Board of Education,* 131 *Ga.* 643 (6) (63 S. E. 41); *Green* v. *Atlanta,* 162 *Ga.* 641, 647 (135 S. E. 84); *Horne* v. *State,* 170 *Ga.* 638 (2) (153 S. E. 749). So we are of the opinion that this act is not unconstitutional and void for the reason that it delegates legislative power to the voters of these counties.

■ Petitioner insists that this act violates par. 2 of sec. 1 of art. 1 of the constitution of this State, which declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete." Petitioner insists that this is so for the reason that this act requires a two-thirds vote of those voting at the election in Campbell County and only a majority vote of those voting in Fulton County, thus allowing a majority of those voting in Fulton County to saddle upon the people of that county debts of Campbell County; and for the further reason that the sheriff, ordinary, and clerk of the superior court of Campbell County are constitutional officers, were elected to serve until January 1, 1933, and the legislature had no authority to shorten, enlarge, or modify their terms. This section is the equivalent of a declaration that no person shall be denied the equal protection of the laws. *Ga. R. &c. Co.* v. *Wright,* 125 *Ga.* 589 (12) (54 S. E. 52). None of the reasons given for the contention that this act violates this provision of the constitution are sound. We shall undertake to show, when we deal with another ground of attack upon this act, that, under the provision of the constitution for the merger of contiguous counties, such merger may be effected by a vote of two thirds of the qualified voters of the county to be merged, voting at the election in favor of such merger, and that no vote of the qualified voters voting in the county into which the other county is to be merged is necessary to effect such merger. This latter provision gives an additional safeguard to the people of Fulton County. It protects the people of Fulton County against said merger, unless the referendum to the voters of Campbell County is carried in favor of merger by a two-thirds vote of the qualified voters of that county, voting at the election held upon the question of merger. It likewise protects the people of Fulton County against such merger, unless a majority of those voting in Fulton County upon the question of merger is in favor thereof. These provisions, instead of denying to the people of Fulton County the equal protection of the law,

give to them greater protection than they are entitled to under the constitutional provision providing for the merger of contiguous counties. We shall undertake to show hereinafter that the contention that this act is unconstitutional and void, because it allows a majority of those voting in Fulton County in favor of a merger to saddle upon the people of that county the debts of Campbell County, is not well founded. We have already shown that the contention that this act violates this provision of the constitution for the reason that the sheriff, ordinary, and clerk of the superior court of Campbell County are constitutional officers and were elected to serve until January 1, 1933, and for this reason the legislature had no authority to shorten, enlarge, or modify their terms, is without foundation.

■ The next attack upon this act is that it conflicts with par. 1 of sec. 2 of art. 11 of the constitution of this State, which provides in effect that county officers shall hold their offices for four years. Petitioner contends that this act legislates the sheriff, the ordinary, and the clerk of the superior court of Campbell County out of their offices, in violation of this section of the constitution. This constitutional provision must be construed with the provision for the merger of counties. The constitution must stand as a whole. Its provisions must be construed together as one entirety. The section which provides for the merger of counties confers upon the legislature a particular power with the necessary implication that there is nothing in the constitution contrary to it. It is true that the legislature can not legislate out of office any constitutional officer, where the purpose of the act is to accomplish this alone; but where the power is granted to the legislature by the constitution to legislate upon any specific subject-matter, and in strict conformity to the power the legislature passes an act the incidental effect of which is to abolish certain office-holders, such act does not violate the general constitutional principle that the legislature can not abolish constitutional offices. Connor v. Grey, 88 Miss. 489 (41 So. 189).

■ The constitutionality of this act is attacked upon the ground that it violates par. 2 of sec. 3 of art. 1 of the constitution of this State, which declares that "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts . . shall be passed." This act is likewise attacked upon the ground that it violates par. 1 of sec. 10 of art. 1 of the constitution of the

United States, which declares that "No State shall . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts." Petitioner contends that this merger act is ex post facto and retroactive, because it removes from office persons holding constitutional offices, before the expiration of their terms; and because it impairs the obligation of contracts, in that said act makes the contracts of Campbell County those of Fulton County. We have already undertaken to show that the contention that this act is ex post facto, upon the ground that it removes from office persons holding constitutional offices, before the expiration of their terms, is without merit.

Does this act impair the obligations of contracts of Campbell County, by making them contracts of Fulton County? Counties are subdivisions of the State government to which the State parcels its duty of governing the people. *Scales* v. *Ordinary,* 41 *Ga.* 225; *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). They are local, legal, political subdivisions of the State, created out of its territory, and are arms of the State, created, organized, and existing for civil and political purposes, particularly for the purpose of administering locally the general powers and policies of the State. 15 C. J. 388 (§ 1) A. As we have seen, the constitution provides for the merger of contiguous counties upon the sanction of the merger by a popular vote of the merged county. By necessary implication the legislature has the power to provide for the performance of the contracts and the payment of the debts of the merged county. Persons dealing with counties do so with full knowledge that they are subdivisions of the State, that the constitution provides for the merger of contiguous counties, and that by necessary implication the legislature, passing an act of merger upon sanction of a popular vote, has the power to provide for the performance of the contracts and the payment of the debts of the merged county. Counties being but political subdivisions of the State, the legislature can impose upon the county into which another county is merged the burden of performing the contracts and paying the debts of the merged county. An act so providing for the performance of the contracts and payment of the debts of the merged county does not in any way impair the obligation of the contracts of the merged county in the sense in which that term is used in the constitution

of this State and the constitution of the United States. Commissioners *v.* Commissioners, 92 U. S. 307 (23 L. ed. 552). So we are of the opinion that this act does not violate these provisions of the constitutions of this State and of the United States.

■ The next attack upon this act is that it is in conflict with par. 8 of sec. 7 of art. 3 of the constitution of this State, which is as follows: "No law or ordinance shall pass which refers to more than one subject-matter, or which contains matter different from what is expressed in the title thereof." Petitioner contends that there are thirty separate and distinct matters dealt with in this act, and undertakes to point out these matters in the petition. It is further insisted that this act is unconstitutional for the further reason that the same contains a matter not expressed in its title, and that matter is the provision "that all matters pending in or over which the ordinary of Campbell County has jurisdiction are hereby transferred to the court of ordinary of Fulton County, and said court is given jurisdiction to try and determine the same." In determining whether this act refers to more than one subject-matter, and therefore violates the above provision of the constitution of this State, we must determine the meaning of the word "subject-matter," as used in the constitution. What constitutes duality or plurality of subject-matter as that term is used in our constitution? It is not synonymous with provision. An act may properly include various provisions, so long as they are not inconsistent with or foreign to the general object of the act. This constitutional provision was intended to stop the vicious practice of joining in one act incongruous and unrelated matters. As long as the parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the act is not open to the objection of plurality of subject-matter, within the meaning of this provision of the constitution. This is so no matter how extensively or minutely it deals with the details looking to the accomplishing of the main legislative purpose. *Whitley* v. *State,* 134 *Ga.* 758 (3), 776 (68 S. E. 716). The subject-matter of this act is the merger of Campbell County into the contiguous County of Fulton. It contains many provisions; but all of these provisions relate to or are connected with this general purpose. "Provisions germane to the general subject-matter embraced in the title of an act, which are designed to carry into effect the purposes

for which it is passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by use of the words 'and for other purposes.'" *Wright* v. *Fulton County,* 169 *Ga.* 354 (2-*a*) (150 S. E. 262). Nor is this act violative of this provision of the constitution on the ground that it contains matter different from what is expressed in the title thereof. The provision of the act which petitioner claims is different from what is expressed in the title of the act is germane to the subject-matter thereof, and comes within the general language of the title, "and for other purposes." So we are of the opinion that this act does not conflict with this constitutional provision; and the attack upon it on the above grounds is without merit.

■ This act does not violate par. 17 of sec. 7 of art. 3 of the constitution of this State, which declares that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." An act which does not purport to amend or repeal any particular law or section of the Code is not within the purview of this provision of the constitution. *Peed* v. *McCrary,* 94 *Ga.* 487 (2) (21 S. E. 232). This provision relates to express and not implied repeals. It has no application whatsoever to a repeal by necessary implication. *Aultman* v. *Hodge,* 147 *Ga.* 626, 630 (95 S. E. 297); *Walthour* v. *Atlanta,* 157 *Ga.* 24 (1-*b*) (120 S. E. 613). This act does expressly repeal "the act creating the board of county commissioners of Campbell County, found on page 335 of the Acts of the General Assembly of 1874, and all acts amendatory thereto." It likewise expressly repeals "the act approved July 28, 1923, creating city court of Fairburn, and all acts amendatory thereto." It also expressly repeals "all local laws in force touching county government of Campbell County." These express repeals are not made by mere reference to the title of the acts repealed. They sufficiently describe the laws to be repealed. These express repeals are not made in violation of this constitutional provision. The other repeals arise by implication of law, and do not fall within the inhibition of this provision of the constitution.

■ It is further insisted that this merger act violates par. 5 of sec. 1 of art. 11 of the constitution of this State, which provides

how a county may be dissolved and merged with contiguous counties. Petitioner contends that it is void for the reason that it only provides for a majority of the votes' cast in Fulton County in order to constitute the ratification of the proposed merger, and that if, under the above provision, a two-thirds majority of the votes cast in Fulton County was not necessary to effect said merger, then said act does not follow the constitution. This paragraph of the constitution' provides that any county may be merged with a contiguous county by a two-thirds vote of the qualified electors of the merged county, voting at an election held for that purpose. It does not require that the voters of a county in which another county is merged should ratify the act of merger. This is not a prerequisite to the merger of one county into another contiguous county. It only requires that two thirds of the voters of the county to be merged, voting at an election held for that purpose, shall approve the merger. When that is done, all is done which the constitution requires to effect the merger. Therefore this merger act is not void for the reason that it violates this part of the constitution by providing for a majority only of the votes cast in Fulton County as a prerequisite to a ratification of the proposed merger. The act requires all that the constitution requires. But it is insisted that if, under the above provision, a two-thirds majority of the votes cast in Fulton County was not necessary to effect the merger, then said act does not follow the constitution in making a majority vote in Fulton County a prerequisite to the ratification of the merger. Under the constitution the legislature could have provided for the merger of Campbell County into Fulton County when such merger was approved by the vote of two thirds of the qualified voters of Campbell County alone. Under this provision of the constitution no vote of the county into which another county is merged is required to effect the merger. While this is true, the act does not violate this constitutional provision in that it goes further and requires the approval of a majority of the qualified voters of Fulton County to approve the merger. The act is in strict conformity to the constitutional provision as to the requirement of its approval by a two-thirds vote of the qualified voters of Campbell County. The legislature could not impose any additional conditions precedent to merger so far as Campbell County is concerned. *Wells* v. *Ragsdale,* 102 *Ga.* 53 (29 S. E. 165).

We deem it unnecessary to pass upon the question whether the legislature could require, as a prerequisite to the merger, the approval of the act of merger by a majority vote of Fulton County. If it had such power, such requirement would in no way conflict with this constitutional provision. If the legislature did not have such power, it would be only nugatory and vain; and as the approval of the merger by the necessary vote of the electorate of Campbell County was in conformity to this provision of the constitution, the merger would be constitutional and effective, although the provision of the act requiring its ratification by a majority of the electors of Fulton County was done without authority on the part of the legislature.

■ It is further insisted that this act violates par. 3 of sec. 1 of art. 11 of the constitution of this State, which provides that "County lines shall not be changed, unless under the operation of a general law for that purpose." It is insisted that this merger act is a local or special one for the purpose of changing county lines. This contention is utterly frivolous and without merit. The act with which we are dealing is not a special one for changing county lines.

■ It is further urged that this act is unconstitutional and void, for the reason that it provides a date in the future when the merger shall take place, whereas under the provision of the constitution for the merger of counties the merger should take place immediately upon the ascertainment of the number of votes cast to carry said merger into effect. There is no merit in this attack. The provision of the constitution upon this subject makes no such requirement. It was clearly competent for the legislature to fix a date in the future when the merger act should become effective after the act creating the merger had been duly approved by a popular vote as required in this provision of the constitution.

■ Again, it is insisted that this act violates par. 2 of sec. 7 of art. 7 of the constitution of this State, which declares that "Any county . . of this State, which shall incur any bonded indebtedness under the provisions of this constitution, shall at or before the time of so doing provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of said indebtedness within thirty years from the incurring of said indebtedness." Petitioner alleges that no such provision for the

payment of the bonded indebtedness of Campbell County had been made by Fulton County. We shall attempt to show in the next division of this opinion that the bonded indebtedness of Campbell County which this act requires Fulton County to pay is not an indebtedness incurred by Fulton County, but is one imposed upon Fulton County by the State; for which reason the act is not amenable to this attack upon its constitutionality.

This merger act is again attacked upon the ground that it violates par. 1 of sec. 7 of art. 7 of the constitution of this State, which provides, in effect, that any debt incurred by any county, except as provided in the constitution of this State, shall not exceed seven per cent. of the assessed value of all the taxable property therein, and that no county shall incur any new debt except for a temporary loan or loans to supply casual deficiencies in revenue, not in excess of one fifth of one per cent. of the assessed value of taxable property in the county, without the assent of two thirds of the qualified voters thereof at an election for that purpose. It is insisted by petitioner that this merger act makes the indebtedness of Campbell County, both bonded and floating, the valid obligation of Fulton County by a majority of the votes cast in such election, in violation of the above constitutional provision. It is further insisted that so much of said act, if it is otherwise constitutional, as attempts to make the obligations of Campbell County those of Fulton County, and as provides for the assumption of the indebtedness of Campbell County by Fulton County by a majority vote cast in the merger election, violates the above provision of the constitution. Are these attacks valid? The charters of Oakland City and Battle Hill were repealed by separate acts passed in 1908 and 1911. They were afterwards taken into the city limits of Atlanta. In *White v. Atlanta,* 134 *Ga.* 532 (68 S. E. 103), it was held that when the territory embraced in these abolished municipalities was afterwards incorporated as a part of the City of Atlanta, in the absence of any contrary provision the public assets and liabilities of the abolished municipalities passed to the City of Atlanta. By an act passed in 1921 the territory embraced in the Town of Kirkwood was included within the territory of the City of Atlanta. The Town of Kirkwood had an outstanding bonded indebtedness of $139,500, and a floating debt of approximately $30,000. By the act incorporating the Town of Kirkwood into the City of Atlanta

the burden was placed upon the City of Atlanta of paying such debts as might be owing by the Town of Kirkwood.  In *Davidson* v. *Kirkwood*, 152 *Ga.* 357 (110 S. E. 154), it was held that by this proceeding "a new debt is not created by the act or the election held thereunder.  It is an old debt incurred, presumably according to law, by the Town of Kirkwood; and the burden is placed upon the City of Atlanta of paying such debt as may be owing by the Town of Kirkwood in the territory annexed to Atlanta.  In such circumstances a new debt is not incurred in violation of art. 7, sec. 7, par. 1, of the constitution."  Under the principle ruled in these cases, the act under consideration is not unconstitutional and void because it places on the County of Fulton the burden of paying the bonded and floating indebtedness of the County of Campbell. These are not new debts created by Fulton County which would have to receive the sanction of a popular vote of the electors of Fulton County under the constitutional provision with which we are dealing.  These debts are old debts, presumably constitutionally incurred by the County of Campbell.  The burden of paying them is placed upon Fulton County by the legislature; and it was competent for the legislature to do so without violating this provision of the constitution of this State.

Other attacks upon the validity and constitutionality of this act are without merit.  It follows from the rulings stated above, that the trial judge did not err in refusing to grant a temporary injunction restraining the consummation of the merger of Campbell County with Fulton County, as prayed by petitioner.

*Judgment affirmed.  All the Justices concur.*