FIELDS *v.* ARNALL, Governor.

492

No. 15209.   JULY 3, 1945.

494

*James Maddox,* for plaintiff in error.

*Henderson L. Lanham, solicitor-general,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ There is no merit in that portion of the motion attacking the final judgment upon the ground that the offense is described in the bond as "manufacturing whisky" and is described in the forfeiture proceeding as "felony." In the first place, the forfeiture proceeding asserts that the offense is described in the bond as "felony," and service was duly had upon the movant, and the recital of facts therein was not by him challenged in the forfeiture proceeding. Any attack he might have made upon this ground should have been made at that time, and it comes too late in this motion to set aside the judgment for the movant to challenge the truth of the recital of facts made in the forfeiture proceeding. Futhermore, this being a motion to set aside a judgment, and there being no claim that it was fraudulently procured, the motion can be sustained only if the defects rendering the judgment invalid appear on the face of the record. Code, § 110-702; *Artope* v. *Barker,* 74 *Ga.* 462; *Tietjen* v. *Merchants' Nat. Bank,* 117 *Ga.* 501 (43 S. E. 730); *Sweat* v. *Latimer,* 119 *Ga.* 615 (46 S. E. 835); *Drake* v. *Brown Mfg. Co.,* 121 *Ga.* 550 (49 S. E. 590). The alleged defect here not appearing on the face of the record, this ground of attack upon the judgment is without merit.

■ The remaining portion of the motion to set aside the judgment is expressly based upon the provisions of the act of 1943, supra, and alleges that the movant as surety has surrendered his principal to the sheriff in open court and paid all accrued costs therein. The act relied upon is mandatory upon the court to relieve the surety from liability after final judgment has been entered when the surety has surrendered the principal to the court and paid all the costs in the forfeiture proceeding. The motion here, however, does not seek merely an order of the court relieving the

surety from liability, but seeks to have the final judgment set aside. The principal in such judgment remains bound thereby and is not entitled to relief under the statute here invoked or under any other provision of the law. That judgment as to him is valid and enforceable and should not be set aside. The motion in the present case when challenged by demurrer must be tested, not alone by the allegations it contains, but by whether or not such allegations are sufficient to entitle the movant to the relief prayed for. The statute relied upon by the movant does not entitle him to a judgment setting aside the final judgment complained of, but merely requires the court to relieve him from liability when he has complied with the condition set forth in the statute. The motion contains no allegations which would entitle the movant to have the judgment set aside; and, this being the only relief prayed for, it was subject to the grounds of demurrer which alleged that no grounds are set forth in the motion which would entitle the movant to the relief sought. The court did not err in sustaining this ground of demurrer.

█ It is the rule of this court that constitutional questions will not be decided when a decision in the case can be reached upon other grounds. *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458, 465 (2) (6 S. E. 2d, 320). However, where, as here, the general demurrer was sustained, it will be presumed that all of the grounds were sustained, and the effect of such ruling was to adjudicate in favor of the demurrant the constitutional question. If on review by this court it be determined that the petition was not subject to this ground, the judgment on demurrer would not be unqualifiedly affirmed, since a general affirmance by this court would be conclusive on the constitutional question also and would put an end to the case. In these circumstances, the judgment would be affirmed with direction that it be modified so as not to adjudicate in favor of the demurrant the ground which this court holds to be without merit. *Herring* v. *Smith,* 141 *Ga.* 825 (4) (82 S. E. 132). For the reason stated, we deem it necessary to now rule upon this constitutional question.

The clause of the constitution invoked by the solicitor-general (Code, § 2-1808), stands as a bar to any legislation which embodies more than one subject-matter. But that constitutional provision does not mean that every branch and segment of the

general subject constitutes a subject-matter different from that of the general subject to which it is related, and, hence, must be treated by a separate and independent act of the General Assembly. It has been repeatedly ruled by this court that the General Assembly is empowered under this provision of the constitution to legislate in one act upon a general subject and to embody therein all elements of the general subject and that such an act is valid. *Carroll* v. *Wright*, 131 *Ga.* 728 (7) (63 S. E. 260); *Williams* v. *State*, 150 *Ga.* 480 (104 S. E. 408); *Crowell* v. *Akin*, 152 *Ga.* 126 (4) (108 S. E. 791, 19 A. L. R. 51). While the act here under attack is an amendment of two separately numbered Code sections, both of which deal with the subject of criminal bonds, it is not thereby rendered void under the constitution as containing more than one subject-matter. The act, taking as its subject-matter criminal bail, properly deals with the matter of forfeiture, including service and relief of the surety upon his meeting the conditions there stated. Accordingly, the act does not offend the constitution (Code, § 2-1808), and is valid as against this ground of the demurrer.

■ Nor is the act in question void for uncertainty and indefiniteness, in that it fails to designate the court or define the procedure for obtaining the relief of the surety therein provided. The decision in *County of Bibb* v. *Winslett*, 191 *Ga.* 860 (14 S. E. 2d, 108), has no application here. The act there dealt with was held invalid because it was incomplete. The court in which the relief under the present act must be had is specifically designated by the language of the act itself, in that it identifies the court which must grant the relief as *the court,* referring to the court which renders the final judgment of forfeiture. It makes it mandatory upon that court to relieve the surety after such final judgment upon his surrendering the principal and paying the costs. It was not necessary to define in the act any specific method which the court must employ to grant this relief. Obviously the court must employ such method as the court finds necessary to effectually and legally relieve the surety. The act unmistakably confers upon the surety a legal right to be relieved, and, in the absence of specific provisions defining the remedy by which this right may be protected, the Code, § 3-105, would be applicable. It is there declared that, "For every right there shall be a remedy, and every court having juris-

diction of the one may, if necessary, frame the other." This ground of the demurrer was without merit, and should not have been sustained. Accordingly, the judgment excepted to is affirmed with direction that it be modified by the trial court to conform to this opinion.

*Judgment affirmed, with direction. Bell, C. J., Jenkins, P. J., Atkinson and Wyatt, JJ., concur.*