35874. ARNOLD *et al. v.* STATE OF GEORGIA.

CARLISLE, J.   By the act of 1943 (Ga. L. 1943, p. 282), Code § 27-904, which deals with bail surrendering the principal in criminal cases, was amended to provide: "the court shall, after final judgment, relieve the sureties of the penalty of the bond upon surrender of the principal and payment of the costs"; and where, after final judgment in a bond-forfeiture proceeding, the sureties move to be relieved from the penalty and tender the costs in the case, and it appears from all the evidence adduced upon the hearing of the motion that one of the sureties located the principal in another county of the State and had him arrested and the sheriff of the county where the warrant was pending notified, and the sheriff sent an officer to return the principal to that county, and upon the return of the principal he entered his plea of guilty and was sentenced, we think it conclusively appears that the sureties should be relieved of the penalty in the bond, as the police who made the actual arrest were acting as agents of the sureties in making the arrest and delivering the principal over to the sheriff, and the trial court erred in denying the motion of the sureties to be relieved of the penalty.

*Judgment reversed.   Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 29, 1955.

*Davis & Davidson, Jack S. Davidson,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.

Charles Edward Pass, under an accusation made returnable to the November term, 1954, of the Superior Court of Hall County, was charged with a misdemeanor.   On September 3, 1954, he entered into a bond in the amount of $1,000, conditioned upon his appearance at the November term of that court, and Clyde Arnold, James J. Thomas, and Joe Parker signed as his sureties on the bond.   At the November term, Pass did not appear, his bond was duly forfeited, and a rule nisi was served upon the sureties to show cause why a judgment absolute should not be rendered on the forfeiture.   Thereafter, at the January term of the court, which convened on January 24, 1955, Pass again failed to appear, and a judgment absolute was entered against the sureties and execution issued.   On January 26, 1955, the defendant Pass was placed in jail in Hall County, and on February 2, which was still during the January term, he entered his plea of guilty and was sentenced.   On April 16, 1955, he paid his fine and was released from custody.   On May 5, 1955, two of the sureties, Clyde Arnold and James J. Thomas, filed a motion with the court

that they be relieved as sureties on the bond. A hearing on the motion was set for June 2, 1955. After the introduction of all the evidence, the court, without the intervention of a jury, took the matter under consideration and denied the motion of the sureties, and they have brought the present writ of error here to review that judgment.

Briefly, the evidence introduced on the hearing material to a determination of the case was this: Late in the evening of January 26, 1955, as the result of much searching, James J. Thomas, one of the sureties, found Pass working on an automobile in the City of Athens, Clarke County, Georgia. He stopped a police car of that city and informed them that there was a warrant for Pass's arrest in Hall County, and that he, Thomas, was on Pass's bond, and wished to have him arrested. The officers refused to make the arrest solely on Thomas's word, and consulted their superior officer, who likewise would not order the arrest solely on Thomas's word, but would have to call the sheriff's office in Hall County. Thomas informed him that he would pay the telephone charges for the call. The call was made and the charges were paid as agreed. The sheriff of that county informed the officer in Athens that there was a warrant for Pass's arrest and that, if arrested, he would send for Pass, if he was informed of the arrest by telephone. Thomas then pointed out Pass to the officers, and he was arrested, placed in the stockade, and returned to Hall County by an officer sent from Hall County for the purpose. An arrest fee was paid by the receiving officer to the Athens officers. All of the Athens officers testified that but for Thomas's information Pass would not have been arrested by them. Pass was kept confined in Hall County until he was sentenced, paid his fine, and was released. The sureties tendered into court the costs in the case.