22735. CREWS et al. v. COOK.

ARGUED NOVEMBER 10, 1964—DECIDED DECEMBER 3, 1964.

*R. R. Jones*, for plaintiffs in error.
*Anthony A. May, Thad W. Gibson*, contra.

CANDLER, Justice. Claud S. Cook, a resident of Lee County, Georgia, executed an instrument purporting to be his last will and testament on April 8, 1963. It was attested by only two

witnesses. He died on July 24, 1963, and the instrument was offered for probate in solemn form. Probate of it was objected to by several of his nieces and nephews—children of two deceased sisters. The proceeding was appealed by consent to the Superior Court of Lee County. When the instrument was offered in evidence, its admission was objected to on the ground that the Act which the legislature passed in 1958 (Ga. L. 1958, p. 657) amending several enumerated sections of Ch. 113 of the Code of 1933 dealing with "Wills, Descent, and Administration of Estates," one section of which provides for the execution of a will before two attesting witnesses, is unconstitutional because it is repugnant to and in violation of Art. III, Sec. VII, Par. VIII of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-1908) which declares that "No law shall pass which refers to more than one subject matter. . . ." The attack which the objection makes on the validity of the Act is that it not only authorizes the execution of a will before two attesting witnesses but because it also deals with and legislates upon several other entirely separate, distinct and wholly unrelated subject matters.

The trial court overruled the caveators' objection and the will was admitted in evidence. Error is assigned on that ruling in a motion for new trial which was overruled and it is stated in the brief of the plaintiffs in error that the validity of the 1958 Act is the only question this court is asked to decide.

Each section of Chapter 113 of the Code of 1933 deals with wills and the administration of estates. The Act of 1958 (Ga. L. 1958, p. 657), the validity of which is here questioned, amends several enumerated sections of that chapter, including the one which requires that a will be executed in the presence of three or more attesting witnessses (§ 113-301) so as to provide that such section when thus amended shall require only two attesting witnesses. Sections 1 through 9 of the Act deal with wills, the manner in which they must be executed, and their probate. Section 10 deals with the assent of an executor to a devise or legacy contained in a will. Sections 11 and 26 deal with a year's support from a decedent's estate for his family. Section 12 deals with the notice which the legal rep-

resentative of an estate is required to give creditors with reference to their accounts against the decedent's estate. Sections 13 and 14 deal with the investment of funds belonging to a decedent's estate by the legal representative thereof. Sections 15 through 18 provide for passing title of the deceased pursuant to bonds for title and contracts for the sale of land given by such deceased person. Sections 19 through 22 deal with the legal representative's sale of property belonging to his decedent's estate, including wild lands. Section 23 provides for the payment of the expenses incurred by executors or administrators in giving the bonds required of them and taxing the same as a part of the costs of administration. Section 24 provides that when a judgment has been obtained against the principal and the surety or sureties on the bond of an administrator, executor, guardian or other fiduciary a levy may be made on any property of any one of the defendants in fi. fa. And section 25 provides for access to safety deposit boxes rented or leased to fiduciaries, including executors, administrators, guardians and the like.

In determining whether this Act refers to more than one subject matter, and therefore violates the above-mentioned provision of the Constitution, we must determine the meaning of the word "subject matter" as used in the Constitution. It is not synonymous with the word "provision." As used in the Constitution, it is to be given a broad and extended meaning so as to allow the legislature authority to include in one Act all matters having a logical or natural connection. To constitute plurality of subject matter, an Act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any logical connection with or relation to each other. All that our Constitution requires is that the Act embrace only one general subject; and by this is meant, merely, that all matters treated by the Act should be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one subject. This provision of our Constitution was intended to stop the vicious practice of joining in one Act incongruous and unrelated matters; but any construction of it which would interfere with

the very commendable policy or practice of incorporating the entire body of statutory law upon one general subject in a single Act, instead of dividing it into a number of separate Acts, would not only be contrary to its spirit, but also seriously embarrassing to honest legislation. The attacked Act of 1958 amends several Code sections, all of which deal with and relate directly to the subject of wills and the administration of estates; and since this is true, it does not offend Art. III, Sec. VII, Par. VIII of the Constitution of 1945 as plaintiffs in error contend. For a full discussion of the question here involved, see *Central of Ga. R. Co. v. State*, 104 Ga. 831 (4), 835 (31 SE 531, 42 LRA 518), *Hines v. Etheridge*, 173 Ga. 870, 876 (6) (162 SE 113), and *Fields v. Arnall*, 199 Ga. 491 (34 SE2d 692), and the several cases there cited.

*Judgment affirmed. All the Justices concur.*