## 51097. FOSTER v. THE STATE.

PANNELL, Presiding Judge.

Appellant was surety on a bond in the amount of $30,000, which was forfeited by order of the superior court on August 22, 1974. Appellant tendered a check to the sheriff on January 23, 1975, in the amount of $20,028.35, covering the bond and costs. On March 4, 1975, appellant filed a motion to cancel the lien against him as surety on the appearance bond and asked that he be relieved on said bond and judgment. After hearing the evidence in support of appellant's motion, the judge denied same. This appeal is from the order denying appellant's motion to set aside the forfeiture and cancel the lien against him and the corporation he represents.

1. Appellant argues that the court erred in failing to relieve him of liability in that he had paid all costs in the forfeiture proceedings and had surrendered the principal to law enforcement officials on two occasions. See Code § 27-904. Assuming, but not deciding that appellant could recover monies already paid to the sheriff under the provisions of Code § 27-904, the trial judge was authorized to find that appellant had not surrendered the principal as required by the above Code section, and accordingly, was not entitled to relief thereunder.

The evidence showed that appellant located the principal in Macon, Georgia, in December, 1974. He asked the Bibb County officials to place the principal on hold. Upon calling Fulton County, the officials were advised

that no warrant was outstanding against the principal. Further, the "hold" could not be verified through the National Crime Information Center (NCIC). Shortly thereafter, the principal was released from the Macon police department.

On January 23, 1975, appellant again located the principal in Virginia. The police in Virginia said that they could not apprehend the principal because he was not yet carried on NCIC.

January 5, 1975, the appellant called the Atlanta district attorney's office and was told that they would place the principal's name on NCIC. That same day, appellant personally went to the district attorney's office, secured a bench warrant, had it certified, and delivered same to the sheriff of Fulton County.

Appellant argues that he located the principal on two occasions, but was unable to deliver him to Fulton County due to the fault of Fulton County authorities. He argues that this was sufficient "surrender" of the principal to satisfy the provisions of Code § 27-904. He cites *Arnold v. State,* 92 Ga. App. 647 (89 SE2d 556) and *Troup Bonding Co. v. State of Ga.,* 121 Ga. App. 25 (172 SE2d 476), as supporting his argument. In both *Arnold* and *Troup,* the appellant took affirmative steps which resulted in the arrest and actual delivery of the principal to appropriate officials. Further, in *Troup* the appellant caused the issuance of a court order which was necessary to secure the principal's release from federal authorities so that he could be turned over to appropriate officials.

The facts in the present case show that appellant could have taken steps to assure that the principal's name was placed on NCIC and that a bench warrant was issued for the principal's arrest. The fact that these steps were not taken until *after* the principal was released from police custody cannot be attributed to the fault of anyone other than appellant. In that appellant did not deliver the principal as required by Code § 27-904, he is not entitled to relief thereunder.

2. Enumeration of error number 3 is abandoned.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued September 4, 1975 — Decided October 20, 1975.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Gordon Miller, Assistant District Attorneys,* for appellee.