## 58483. O. K. BONDING COMPANY v. STATE OF GEORGIA.

McMurray, Presiding Judge.

On June 3, 1977, O. K. Bonding Company, Inc., and the defendant, executed and delivered a surety/appearance bond acknowledging the principal and surety indebted in the sum of $5,000 to the Governor of Georgia, the same to be void on condition that the principal (defendant) make her appearance· on a date certain to answer for the felony offense of theft by receiving stolen property. She failed to appear, and her bond was ordered forfeited with rule nisi issued to show cause at the next term of said court why such order of forfeiture should not be made absolute. A bench warrant was also issued for the arrest of the defendant.

An extension of time ·was granted. The defendant eventually was located in New York City and arrested by agents of her bondsman; but they were forced to release her by police officers of New York City. Subsequent attempts to re-arrest her and to extradite her from New York proved futile.

A final order was issued making the forfeiture absolute and authorized a fi. fa. to be issued against her surety.

On or about March 16, 1979, defendant surety moved to vacate and set aside the bond forfeiture and to relieve the surety of its obligation. This motion was denied, and the surety appeals. Held:

1. "Code Ann. § 27-904 [Ga. L. 1943, p. 282] makes it mandatory to relieve the surety from liability after final judgment when the surety has surrendered the principal and paid all the costs in the forfeiture proceeding. Fields v. Arnall, 199 Ga. 491 (2) (34 SE2d 692)." Troup Bonding Co. v. State of Ga., 121 Ga. App. 25 (1) (172 SE2d 476). But

the final judgment is not vacated and set aside upon surrender of the principal. See *Fields v. Arnall,* 199 Ga. 491 (2), supra.

2. However, the defendant, as principal, has not been surrendered so as to relieve the surety of the penalty of the bond. Nor did her arrest and forced release in New York City by policemen of that city amount to such facts as to relieve her bondsman. Such cases as *Cooper v. Brown,* 10 Ga. App. 730 (1) (73 SE 1101) (defendant in state custody and serving time under another offense); *Smith v. Kitchens,* 51 Ga. 158 (subsequent arrest under a bench warrant and later escape); *West v. Colquitt,* 71 Ga. 559 (continued custody by state preventing sureties to produce principal); and *Troup Bonding Co. v. State of Ga.,* 121 Ga. App. 25, supra, (federal fugitive as well as state, recaptured with assistance of bondsman), are not applicable to the facts of this case.

The trial court did not err in denying the motion to vacate and relieve. See *Foster v. State,* 136 Ga. App. 201, 202 (1) (220 SE2d 751).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted September 25, 1979 — Decided October 11, 1979.

*George N. Guest,* for appellant.
*Randall M. Peek, District Attorney,* for appellee.