### 39144. BEMBRY v. THE STATE.

GREGORY, Justice.

Appellant was convicted under our criminal abandonment statute, Code Ann. § 74-9902, and sentenced to serve twelve months in confinement, suspended on condition that he pay child support as ordered by the court. He appeals, alleging the evidence failed to support the jury verdict of guilty, and Code Ann. § 74-9902 violates the Georgia Constitution, Art. III, Sec. VII, Par. IV (Code Ann. § 2-1304), by referring to more than one subject matter. For reasons which appear below, we affirm.

1. At trial, the prosecutrix testified that she knew appellant, had sexual intercourse with him and delivered a child as a result of their encounter (the child being the subject of this abandonment charge). She testified that she had no sexual intercourse with any other man during this period of time, and the appellant was the father of the child.

She further testified that she notified appellant of her pregnancy when she was five months pregnant. After the child was born, she again contacted appellant in an effort to discuss child support, but she "... never could get any understanding out of him, and he told me not to call him anymore." Prosecutrix testified she provided the sole support for the child, and there was no evidence appellant had ever supported the child. Shortly after the child was born, prosecutrix applied for aid from the Department of Family and Children Services to support herself and the child.

Although appellant, in his testimony, denied ever having sexual intercourse with the prosecutrix and denied any knowledge of the child, the jury was free to disbelieve his testimony if they chose.

The crime of abandonment (Code Ann. § 74-9902) consists of two elements: (1) that the father or mother "willfully and voluntarily abandon his or her child . . ."; and (2) "[leave] it in a dependent condition . . ." Under the statute, a child is considered to be in a dependent condition "when the father or mother charged with the offense does not furnish sufficient food, clothing, or shelter for the needs of the child."

The jury determined that appellant fathered this child;

appellant was placed on notice as being the father yet he refused to acknowledge this fact; the child was in need of support; and appellant deliberately refused to support the child. We conclude that a rational trier of fact could reasonably have found appellant guilty of child abandonment beyond a reasonable doubt. *Sanders v. State,* 246 Ga. 42 (268 SE2d 628) (1980); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant also argues that Code Ann. § 74-9902 violates our constitutional prohibition (Code Ann. § 2-1304) against one Act referring to more than one subject matter because this criminal abandonment statute "requires a mixed finding of bastardy and forsaking of parental duties." We disagree.

The purpose of this provision (Ga. Const., Art. III, Sec. VII, Par. IV) has been identified many times by this court. "This provision of our Constitution was intended to stop the vicious practice of joining in one Act, incongruous and unrelated matters . . ." *Crews v. Cook,* 220 Ga. 479, 481 (139 SE2d 490) (1964). "The evident intent was to prevent what is commonly known as 'log rolling,' passing through a measure not on its own merits, by combining it with other measures, each of which has a certain strength, and thus pulling them through by virtue of their combined strength." *Ex parte Conner,* 51 Ga. 571, 573 (1874).

"To constitute plurality of subject matter, an Act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any logical connection with or relation to each other." *Smith v. State,* 248 Ga. 828 (1b) (286 SE2d 709) (1982), citing *Crews v. Cook,* 220 Ga. 479 at 481. That is not the situation we face here.

This complaint is that the statute violated the constitutional provision due to containing two distinct elements — bastardy and forsaking of parental duties — in one criminal provision. We considered and rejected a similar argument in *Fields v. Arnall,* 199 Ga. 491 (3) (34 SE2d 692) (1945) dealing with our criminal bond statute. This court held: "But that constitutional provision does not mean that every branch and segment of the general subject constitutes a subject-matter different from that of the general subject to which it is related, and, hence, must be treated by a separate and independent act of the General Assembly. It has been repeatedly ruled by this court that the General Assembly is empowered under this provision of the constitution to legislate in one act upon a general subject and to embody therein all elements of the general subject and that such an act is valid. [Cits.]" 199 Ga. at 495-496.

We will not hold Code Ann. § 74-9902 unconstitutional because the crime itself consists of separate elements. The elements of the crime of abandonment have an inherent logical and natural connection. Reading Code Ann. § 74-9902 in its entirety, it is clear that it deals with only one subject matter, the crime of abandonment.

3. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1982.

Joe Bembry, *pro se.*
Hinson McAuliffe, *Solicitor, Tom Weathers, Deborah S. Greene, Assistant Solicitors,* for appellee.