41739. AMERICAN BOOKSELLERS ASSOCIATION et al.
v. WEBB et al.
(329 SE2d 495)

Clarke, Justice.

This case is before our Court on certified questions from the United States Court of Appeals for the Eleventh Circuit, and arose as a suit filed in the District Court for the Northern District of Georgia for declaratory and injunctive relief challenging the validity of an act, 1984 Ga. Laws 1495 (hereinafter the Act), amending OCGA § 16-12-102 et seq., on state and federal constitutional grounds. *American Booksellers Assn., Inc. v. Webb*, 744 F2d 784 (11th Cir. 1984); *American Booksellers Assn., Inc. v. Webb*, 590 FSupp. 677 (N.D. Ga. 1984). The section of the Act under attack relates to the sale, distribution and furnishing of materials deemed harmful to minors. The questions posed to this Court are as follows:

(1) Whether the combination of the three sections of Act 1319, 1984 Ga. Laws 1495, into a single legislative act violates the prohibition contained in Art. III, Sec. V, Par. III, of the Georgia Constitution that "[n]o bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof?"

(2) How does the Georgia Supreme Court construe the provisions in Act 1319, 1984 Ga. Laws 1495, which have been challenged in this suit?

The declaratory and injunctive relief is being sought by bookselling, publishing and distributing associations, along with two bookstores and one author; the defendants are various law enforcement officials. The constitutional complaints are for the most part based upon alleged violations of the United States Constitution. However, one state constitutional ground was raised, that is that the Act violates Art. III, Sec. V, Par. III of the Georgia Constitution, the applicable portion being set forth in question number one.

The defendants in the district court made a motion for the court to abstain from deciding the federal constitutional questions in order to seek a resolution of issues of state law from the state court under the authority of *Railroad Comm. of Texas v. Pullman Co.*, 312 U. S. 496 (61 SC 643, 85 LE 971) (1941). The plaintiffs then moved to withdraw their state constitutional claim; the district court declined to allow withdrawal and ruled in favor of abstention because a resolution of the state law issue could render the federal claims moot. 590 FSupp. 677, 682-684, supra. The district court, having ruled that abstention was proper on the state constitutional ground, held that defendants could also ask this Court to construe the Act in a manner which might eliminate some of the federal constitutional problems saying, "[i]f the Georgia courts decline or fail to provide a constitu-

tional construction of the Act, then plaintiffs will be in no worse position than if they had not sought such a construction." 590 FSupp. 677, 684. Pending final resolution of all matters, the district court granted partial interim relief by issuing a preliminary/interlocutory injunction against the enforcement of the display provisions set forth in OCGA § 16-12-103 (e), 1984 Ga. Laws, pp. 1495, 1501.

1. The Act in question is separated into three numbered sections. Sections one and two amend sections of Chapter Six of the Criminal Code, Title 16, which defines sexual offenses. Section one amends OCGA § 16-6-4 relating to child molestation; section two amends OCGA § 16-6-5 relating to enticing a child for indecent purposes. Section three amends OCGA § 16-12-102 through 104 relating to control of materials defined as harmful to minors. 1984 Ga. Laws 1495. Chapter 12 of Title 16 defines offenses against public health and morals.

Plaintiffs contend that combining these three sections in one act violates the multiple subject matter prohibition, see *Crews v. Cook*, 220 Ga. 479 (139 SE2d 490) (1964), and that the subject matter of the amendment set forth in Section three is not ancillary to the other subject matter, see *Wall v. Bd. of Elections of Chatham County*, 242 Ga. 566 (250 SE2d 408) (1978).

The constitutional provision prevents the joining in one act of "incongruous" or "unrelated" subject matters, *Whitley v. State*, 134 Ga. 758, 776 (68 SE 716) (1910), and inhibits omnibus or log-rolling bills that combine matters "adverse in their nature and having no necessary connection, with the view of combining in their favor the advocates of all, and thus securing the passage of several measures no one of which could succeed upon its own merits." *Central of Ga. R. Co. v. State*, 104 Ga. 831, 846 (31 SE 531) (1898).

The fact that a bill amends different code sections does not offend the constitution, *Fields v. Arnall*, 199 Ga. 491 (34 SE2d 692) (1945); neither does the "subject matter" described in the constitution mean that separate provisions may not be joined in one bill. *Hines v. Etheridge*, 173 Ga. 870 (162 SE 113) (1931). Further, in defining "subject matter," this court has said "it is to be given a broad and extended meaning so as to allow the legislature authority to include in one Act all matters having a logical or natural connection. To constitute plurality of subject matter, an Act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any logical connection with or relation to each other." *Crews v. Cook*, supra at 481. See also *Bembry v. State*, 250 Ga. 237 (297 SE2d 36) (1982).

An examination of the cases of this court over the last century reveals that the principles now found in Art. III, Sec. V, Par. III of the 1983 Georgia Constitution have been interpreted and applied to give broad legislative discretion within the constitutional limits. Ap-

plying the constitution and these principles to the Act at issue, we hold that the enactment does not violate the multiple subject matter provision of our Constitution.

Although 1984 Ga. Laws 1495 amends different chapters, both of those chapters are found in the Criminal Code, Title 16 of OCGA. Each of the crimes defined has as a basic purpose the protection of minors in this state and is sufficiently connected to be found "either logically or in popular understanding, as to be parts of, or germane to, one subject." *Crews*, supra at 481.

In addition, we find no constitutional invalidity regarding the title and the content of the Act. The short title states "Crimes and Offenses — Punishment for Child Molestation and Enticing Changed, etc." 1984 Ga. Laws 1495. We have held that if the contents are constitutionally related to one general subject matter, the use of "and for other purposes" in the title is sufficient to encompass other related provisions. *Hines v. Etheridge*, supra at 877. Immediately following the title is the separate statement "Code Title 16, Chapters 6 and 12 Amended"; next follows the preamble or purpose of the Act which specifically includes by name all chapters of the Criminal Code to be amended. 1984 Ga. Laws 1495.

Therefore, the first question posed is answered in the negative.

2. The second question posed invites this Court to construe that part of the Act codified in OCGA § 16-12-102 et seq. More specifically the parties are most concerned with OCGA § 16-12-103 (e), prohibiting the display of materials which defendant-appellees have been enjoined from enforcing. The plaintiff-appellants argue that the words of the statute are so overbroad that a judicial narrowing of the terms would amount to judicially legislating. The appellees argue that this Court can give a narrowing construction to the statute restricting its application.

In viewing this question, we note that the challenge here is anticipatory. The appellees have advanced various factual situations and suggest ways the Act would or would not apply in order to protect constitutional rights of the plaintiffs and members of the public. However, because of the anticipatory nature of the suit there are no facts presenting a controversy to which this court can apply the provisions of the 1984 law. In the absence of a factual controversy we believe it to be inappropriate for this court to establish the parameters within which the Act may or may not be operative. There being no state claims, constitutional or otherwise, remaining, and the federal claims being specifically preserved, 744 F2d 784, this court respectfully declines the invitation to answer the second submitted question.

*The first question is answered in the negative. The second question is declined. All the Justices concur.*

DECIDED MAY 22, 1985 —
REHEARING DENIED JUNE 10, 1985.

*Troutman, Sanders, Lockerman & Ashmore, William N. Withrow, Jr., J. Kirk Quillian, Finley, Kumble, Wagner, Heine, Underberg & Casey, Michael A. Bamberger, Jeffrey A. Mitchell,* for appellants.

*Michael J. Bowers, Attorney General, George M. Weaver, Special Assistant Attorney General, Sibley & Weaver, Susan B. Forsling,* for appellees.