ELIJAH J. STARR, enrolling officer, plaintiff in error, vs. ROBERT T. BARTON, defendant in error.

The judgment of the Court upon the facts, in cases of *habeas corpus*, is analagous to the verdict of the jury, and will not be disturbed by the reviewing Court if there be enough to support it, although there may have been other testimony strongly in conflict with it.

*Habeas Corpus.*    Decided by Judge HOOK.· At Chambers, June, 1864.

The decision below was upon a writ of *habeas corpus* sued out by the defendant in error against the plaintiff in error, returnable before Judge Hook at Chambers.

The question made was as to the exemption of Barton, the defendant in error, from military service in the army of the Confederate States, on the ground that he was a physician, over thirty years of age, and engaged in the actual and regular practice of his profession for seven years prior to the 17th day of February 1864, the date of the act of Congress entitled, "An act to raise forces to serve during the war."

At the hearing, the parties being at issue upon the matters of fact involved in this ground, they both introduced evidence.    Barton proved by his father (who also was a physician,) that he was born in 1832, received his diploma from the Medical College of Georgia, in March 1856 ; entered immediately on the practice, and from that time forth, had been, and still was, in the regular practice of his profes-

sion, all the while dependant solely upon it for the support of himself and family, and not once engaging in any other business or occupation ; that in 1856 and 1862–3–4, he practiced with his father in Richmond county, and during the intermediate years, in the counties of Jefferson, Columbia, and Burke, a part of the time in each, respectively. By two other witnesses, he proved that he practiced in Richmond county in 1856–7 ; and by three others, that he practiced in the same county in 1862–3–4 ; by two others, that he practiced in Jefferson county in 1857–8 ; by two others, that he practiced in Columbia county in 1859 ; and by three others, that he practiced in Burke county in 1861. He also introduced his account books containing charges for medical services from 1856 to 1861.

The enrolling officer proved by the Assessor and the Collector of taxes for the Confederate States, that Barton had neither registered as a physician, nor paid the special tax as such, required by the acts of Congress ; also, by one of these witnesses, that Barton, after setting up his claim to exemption, upon being told by the Assessor that he would now have to register, replied that he would willingly pay a thousand dollars to obtain his exemption.

By the Collector of State taxes for the county of Richmond, (who in 1862–3 was both Collector and Receiver, and for the eight preceding years, the Receiver alone,) he proved that Barton never did give in a professional tax in that county, and that in making his returns in 1862 and 1863, though he returned his poll and his road hands, he positively refused to return a professional tax, on the ground that he was not practicing. This witness further testified that the father of Barton had frequently told him his son was not practicing.

Judge Hook held, that the facts necessary to constitute the exemption, were established ; and he thereupon passed an order of discharge, to which the enrolling officer excepted, and brought the same to this Court for review.

Irwin vs. Jackson.

FRANK H. MILLER, for the plaintiff in error.

HILLIARD, for the defendant.

LUMPKIN, C. J.

There was a conflict of evidence in this case, and the only question is, was there testimony enough to warrant the judgment of the Court? In other words, suppose this case before the jury, and the verdict had been for Barton, the defendant in error, would the verdict of the jury be set aside and a new trial ordered, because the verdict was strongly and decidedly against the weight of evidence? We think not. The judgment of the Court upon the *facts*, in cases of *habeas corpus*, is analagous to a verdict of the jury; and will not be disturbed by the reviewing Court, provided there was enough evidence to support it, although there may have been other proof strongly in conflict with it.

Judgment affirmed.