HORNE *et al. v.* THE STATE.

No. 7714. JUNE 16, 1930.

*W. C. Hodges* and *H. M. Hodges,* for plaintiffs in error.
*Chalmers Chapman, solicitor,* contra.

GILBERT, J. ■ The court did not err in overruling the special demurrers. The indictment was not vague, nor indefinite, nor uncertain. It was not necessary that the indictment should name the particular portion of the stream where the defendants had fished. A charge in the indictment that the defendants had fished in the named fresh-water stream within Long County was suffi-

cient. It was not essential that the indictment should specify what was the closed season for fishing in Long County. That was a matter of law, and not of fact.

■ Section 23 of the act of 1925 (Ga. Laws 1925, p. 308) is not unconstitutional and void on the ground that it is violative of article 1, section 1, par. 23 (Civil Code of 1910, § 6379), of the constitution of this State, which provides "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." Such act does not undertake, as contended, "to confer the right on the grand jury of Long County, Georgia . . and the State Board of Game and Fish to enact a law prescribing a closed season for Long County." The General Assembly, under its constitutional power, enacted the law, and merely conferred upon the grand jury of the county the right and power to say whether and when such law should become operative in respective counties. *Mayor &c. of Brunswick* v. *Finney*, 54 *Ga.* 317 (6); *Murphey* v. *Educational Board of Burke County*, 71 *Ga.* 856; *Caldwell* v. *Barrett*, 73 *Ga.* 604; *Haney* v. *Commissioners of Barlow County*, 91 *Ga.* 770 (18 S. E. 28); *Phinizy* v. *Eve*, 108 *Ga.* 360 (33 S. E. 1007); *Coleman* v. *Board of Education of Emanuel County*, 131 *Ga.* 643 (6) (63 S. E. 41); *Southern Ry. Co.* v. *Melton*, 133 *Ga.* 277, 288 (65 S. E. 665); *Early County* v. *Baker*, 137 *Ga.* 126 (72 S. E. 905). Other grounds of the general demurrer are mere repetitions of the grounds last stated, and are without merit.

■ Section 23 of the said act of 1925 provides: "Upon the recommendation of the grand jury of any county, the said Board of Game and Fish shall have the power to regulate or prohibit the taking of fish from any streams or other waters of this State during any month or months in which said fish in said waters commonly spawn. That when such recommendation has been made by any grand jury and a certified copy thereof prepared by the clerk of the superior court of the county in which such action is had and transmitted to the Board of Game and Fish, it shall be the duty of said board and it shall be required to immediately pass an order carrying out the recommendation of said grand jury and advertise said order in the county affected in a newspaper of general circulation therein, once a week for four weeks, and such order shall not be

effective until thus advertised. That the recommendation of the grand jury as aforesaid shall specify the period of time during which said fishing shall be regulated or prohibited." When the official certificate of the action of the grand jury has been filed in the office of the State Board of Game and Fish, it becomes an office document, and the secretary of said board is empowered to certify such to be a fact. The court did not err in admitting, over objection of movant, such certificate of the secretary of the State Board of Game and Fish, showing the action of the grand jury recommending that the act become operative in Long County.

■ It was not necessary to produce evidence on the trial of the case that the order of the State Board of Game and Fish had been published once a week for four weeks in a newspaper of general circulation in Long County. The law presumes that all public officers will do their duty, and the duty is placed upon such board to publish their orders once a week for four weeks in a newspaper of general circulation. The reference to the publication of the action of the board was not properly a part of the certificate, but it was not harmful to the accused. There are in the certificate of the secretary of the State Board of Game and Fish what appear to be typographical errors in stating dates, but no question is raised on that account.

■ The evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*