## TODD *v.* THE STATE.

No. 16659. JUNE 13, 1949.

364

*J. T. Grice*, for plaintiffs in error.

*R. L. Dawson, Solicitor-General*, contra.

WYATT, Justice. ■ It is conceded that the evidence adduced upon the trial was sufficient to sustain the judgment finding the defendant guilty. This court is therefore concerned only with the question raised by the plea in abatement.

The indictment in this case was based upon the provisions of the act of the General Assembly (Ga. L. 1943, p. 128, Code (Ann. Supp.), § 45-146), which provides: "The Commission shall have power to fix bag limits and to fix open and closed seasons, on a State-wide, regional or local basis, as they may find to be appropriate, and to regulate the manner and method of taking, transporting, storing and using birds, game, fur-bearing animals, fish, shellfish, crustaceans, reptiles and amphibians, by rules and regulations: Provided, that the Commission shall post at the courthouse door of the county or counties that will be affected a complete copy of such rule or regulation certified by the chairman of the Commission and also file an additional certified copy thereof in the office of the ordinary of the county or counties affected, at least 30 days before the effective date of such rule of regulation." Section 20 of the act (Code, Ann. Supp., § 45-153) provides as follows: "Any person who shall violate any of the rules and regulations promulgated by the Commission under the authority herein granted shall be guilty of a misdemeanor, and punished as provided by the law of Georgia in cases of misdemeanor."

The State Game and Fish Commission on November 10, 1947, adopted "Fishing Regulations," providing, among other things, "effective December 15, 1947, and continuing in force until changed by law or proclamation, the use of power-drawn nets is prohibited in all inland salt waters of this State." The defendant was charged with a violation of this rule or regulation.

The evidence disclosed that a copy of this rule or regulation was posted at the courthouse door and filed in the office of the ordinary on December 13, 1947, this being only two days before the effective date of the rules and regulations. The act of the General Assembly of 1943, supra, expressly provides that any rule or regulation adopted by the State Game and Fish Commission must be posted at the courthouse door and filed in the office of the ordinary in the counties to be affected "thirty days before the effective date of such rule or regulation." That was not done in this case. We think that this requirement is a condition precedent to the regulation becoming effective.

We do not now pass upon the question of whether or not such authority can legally, under our Constitution, be delegated by the General Assembly to the Game and Fish Commission. If such authority can be legally so delegated, certainly it should be strictly construed, and the commission should be required to comply with all requirements. We think that the failure to post the regulations at the courthouse door, and to file a copy in the ordinary's office 30 days before the effective date of the regulations, was a failure of the commission to comply with the requirements of the act of 1943, supra; and for that reason the regulations never became effective.

It is argued that the fact of posting the notice and filing the copy of the regulations in the ordinary's office, being a duty required of a public officer, will be presumed under the well-established rule of law that it will be presumed that all public officers will do or did do their duty. The case of Horne v. State, 170 Ga. 638 (153 S. E. 749), is cited. In that case the question was whether or not the State Game and Fish Commission had published an order once a week for four weeks in a newspaper of general circulation in the county in question. There was no evidence on the question, and this court said it would be presumed that the public officer performed his duty. This court has many times enunciated that principle of law. In the instant case, however, the plea in abatement raised the specific question that the notice was not posted and the copy was not filed in the ordinary's office as required by the statute. The undisputed evidence disclosed that the notice was not posted nor the copy filed with the ordinary, as required by the statute, "at least 30 days before the effective date

of such rule or regulation." The law will presume, nothing to the contrary appearing, that a public officer performed his duty. But when that fact is expressly challenged, and the evidence without dispute shows that the duty was not performed, the law will not presume that to be true which the uncontradicted evidence discloses not to be true.

■ Under the well-established rule that a constitutional question will never be decided when the case can be disposed of on other grounds, the constitutional question here raised will not be passed upon. See *Powers* v. *Wren,* 198 *Ga.* 316 (3) (31 S. E. 2d, 713).

From what has been said above, it was error to overrule the plea in abatement, and all that happened thereafter was nugatory.

*Judgment reversed. All the Justices concur.*