## 21512.  BALKCOM, Warden v. TURNER.

SUBMITTED JANUARY 9, 1962—DECIDED FEBRUARY 8, 1962.

*Eugene Cook, Attorney-General, Earl L. Hickman, Assistant Attorney-General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney-General,* for plaintiff in error.

Benjamin F. Turner, *pro se,* contra.

GRICE, Justice.  Asserting that he had been denied the right of legal counsel, and that he had not in fact pleaded guilty to an indictment for forgery and passing a forged check, Benjamin F. Turner filed a habeas corpus petition in the City Court of Reidsville against the warden of the Georgia State Prison, where he was confined.

The respondent warden filed an answer denying the essential allegations of the petition.  Upon a hearing, at which oral and documentary evidence was introduced, the trial judge entered a judgment making the writ of habeas corpus absolute.  Declaring that all proceedings subsequent to the indictment were null and void, he ordered that the warden deliver the petitioner to the sheriff of Muscogee County for arraignment and proper disposition of the charges against him.  The respondent warden assigned error upon that judgment.

The record as to what occurred upon the habeas corpus hearing is meager indeed.  The facts must be gleaned from the brief recount in the bill of exceptions and the one paragraph brief of evidence.  It appears that the indictment referred to above was returned against the petitioner at the February Term, 1961, of Muscogee Superior Court, and charged him with forgery and passing a forged check; that a plea of guilty was signed by the solicitor-general; and that a sentence of from four to seven years, reciting that the petitioner had pleaded guilty, was signed by one of the judges of that court.

The petitioner was the only witness upon the habeas corpus hearing and his entire testimony was: "After an indictment for

the offense of forgery and passing a forged check being returned against me in Muscogee Superior Court I was confined in the county jail then I was taken by the officers into the Superior Court room. I talked with the Solicitor General and told him that I wanted a lawyer and wanted my case tried. The Solicitor General then told me that I did not need a lawyer. Right after that I was taken before the Judge and I told him that I did not want to plead guilty, that I wanted a lawyer and that I wanted a trial. He then told the officers to take me back to jail. After being brought back to the jail I was later informed that I had been sentenced to four to seven years."

From what appears in this record, two issues of law are presented. One is whether the petitioner was denied his right to legal counsel. The other is whether, in a habeas corpus proceeding, a sentence may be set aside, upon the uncorroborated testimony of the defendant therein, for defects not appearing in the record. As we view these issues, it is necessary to determine only the first because it is controlling.

The only facts which we can consider on whether the right to counsel was denied are those which appear in this record. Specifically, they are those related in the brief account of events by the petitioner, quoted above. His account was unchallenged and thus must be adopted here.

Those undisputed facts clearly show a denial of the right to counsel, guaranteed by our State Constitution (Code Ann. § 2-105). This guaranty was recently discussed by this court in Fair v. Balkcom, 216 Ga. 721 (119 SE2d 691), and no repetition is needed here. The vigilance which the courts of this State have long and consistently exercised in affording this valuable right is stressed in Elam v. Rowland, 194 Ga. 58, 61 (20 SE2d 572).

The judgment of the trial court, with these undisputed facts before it, was not only authorized but demanded.

*Judgment affirmed. All the Justices concur.*