## 22578. BALKCOM v. VICKERS.

ARGUED SEPTEMBER 14, 1964—DECIDED SEPTEMBER 30, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Jr., Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General*, for plaintiff in error.

*Sam Johnson*, contra.

GRICE, Justice. For review here is a habeas corpus judgment sustaining the petitioner's contention that he was denied the right of counsel upon his sentencing. The petitioner, Walter K. Vickers, filed a petition in the City Court of Reidsville against R. P. Balkcom, Warden of the State penitentiary, asserting that his sentence for burglary, rendered by the Superior Court of Butts County in 1959, was void for denial of such right. The warden's response controverted that assertion.

The bill of exceptions recites that upon the trial of that issue the petitioner testified categorically, "I didn't have any lawyer. I am a poor man, I wasn't able to hire a lawyer, and the Judge

didn't offer me a lawyer. Neither did anybody else in the Court offer me a lawyer to advise me. I can't read or write. I asked the Judge for a lawyer, but he refused."

Seeking to refute this, the respondent introduced affidavits of the judge who presided and of the former solicitor general who represented the State at the sentencing complained of. The affidavit of the judge recounted the sentencing of this petitioner and recited that he read the indictment to him, that the petitioner pleaded guilty, and that he did not at any time ask the court for an attorney, for assistance, or for instruction as to his rights. That of the former solicitor general recited that while the affiant did not remember the facts of this particular occasion, he did recall that it was the custom and practice of the judge who presided at the sentencing of this petitioner to read the indictment to accuseds and inquire if they were guilty and not to accept a plea of guilty unless satisfied that they understood the nature of the charges against them.

The sentence complained of was also introduced into evidence. It is regular upon its face.

Upon conclusion of the habeas corpus hearing the trial judge found in favor of the petitioner's assertion of denial of counsel. He entered judgment ordering that the petitioner be remanded to the custody of the warden, to be held by him for the Butts County authorities, and reciting that if Butts County did not take custody of him within 10 days he was to be released by the warden. The judgment provided further that if the petitioner should be reconvicted in Butts County, he was to be given credit on the sentence for the time already served on the sentence thus held void for denial of counsel.

■ The petitioner's testimony furnished evidence in support of his contention as to denial of counsel, and therefore the habeas corpus court's judgment in his favor on this contention must be affirmed. *Balkcom v. Turner*, 217 Ga. 610 (123 SE2d 918).

The contention is made here by the respondent that the petitioner's testimony as to denial of counsel, being uncorroborated and in conflict with the other evidence, is insufficient to overcome the presumption of regularity of the sentence and carry the burden of proof by a preponderance of the evidence. Therefore, they contend, the judgment in his favor was erroneous.

The questions thus raised are of considerable importance, and are now recurring in the flood of habeas corpus proceedings following in the wake of Gideon v. Wainwright, 372 U.S. 335 (83 SC 792, 9 LE2d 799), which held that the benefit of counsel provision of the United States Constitution's Sixth Amendment was made obligatory upon the States by the Fourteenth Amendment. Therefore, we deem a discussion of the reasons for our rejection of this contention to be merited.

Some jurisdictions, particularly the Federal courts, have sustained this contention in two main situations: (1) where the review is of the habeas corpus court's ruling *against* the petitioner's assertion of denial of counsel; and (2) where the review is of the habeas corpus court's ruling *in favor* of his assertion of denial of counsel. It is significant that the case at bar involves the second situation.

To hold, upon this review of a finding in his favor, that a petitioner in habeas corpus claiming denial of his right to counsel does not by his testimony alone carry the burden of proof so as to authorize the finding in his favor, would be contrary to the law of this State. This is true for several reasons, each independent of the others.

(i) First, application here of the rule insisted upon would distort the role provided for the Supreme Court of Georgia by our State Constitution.

This court is a court alone for the "correction of errors of law. . ." Ga. Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704). Such limitation upon this court's reviewing power played a decisive part in the long struggle for its establishment; one of the charges of the opposition being that this court would re-try factual issues. See, "The Supreme Court of of Georgia: An Account of Its Delayed Birth," Justice Bond Almand, 6 Ga. B. J. 95, reprinted in "A History of the Supreme Court of Georgia," by the Georgia Bar Association.

This court has expressly recognized and adhered to this limitation upon its reviewing power. One decision recounts: "As has so often been ruled, if there be any evidence to support the verdict, however slight it may be, the power to interfere with such finding is lacking. Whether or not there is any evidence

that would support the finding is a question of law. . ." *Lockwood v. Daniel,* 194 Ga. 544, 548 (22 SE2d 85). The same principle applies to findings of fact by a trial court sitting in lieu of a jury. That this court has hewed strictly to such line is manifest from its many decisions refusing to disturb trial court findings of fact where there was *any* evidence to support them. See collection of cases, annotation to *Code* § 70-202; 3 West's Ga. Digest 271-277, Appeal and Error, §§ 1010, 1011.

The Federal courts, which subscribe to the rule sought to be invoked here, have a standard different from ours for evaluating the evidence of a trial court upon review. Instead of affirming if there is "any evidence" to support the finding, which the Georgia rule requires, the Federal courts' inquiry is whether the evidence is "substantial," or whether the finding is "clearly erroneous" or "manifestly wrong." 28 USCA § 2253, annotation, note 75; 26 Fed. Prac. Digest 972, Habeas Corpus, § 113 (12) (d). This is also true of some of the State appellate courts. There is a wide variance throughout the judicial systems of the fifty States as to the extent of review of findings of fact. See 5 Am. Jur. 2d 274-278, Appeal and Error, §§ 833-835; 5A CJS 196-228, Appeal and Error, § 1642.

But regardless of the reviewing power in other jurisdictions, the Constitution of Georgia, by limiting the review of this court to consideration of errors of law only, prohibits us from setting aside a judgment, such as here, where there is *any* evidence to support it.

The decisions of this court, pursuant to the constitutional provision above referred to, have consistently refused to set aside habeas corpus judgments holding the restraint illegal where there was *any* evidence to support them.

In *Starr v. Barton,* 34 Ga. 99 (full bench and unreversed), decided one hundred years ago, this court, in reviewing a judgment in favor of the petitioner, stated the rule applicable in habeas corpus cases: "The judgment of the Court upon the facts, in cases of *habeas corpus,* is analagous to the verdict of the jury, and will not be disturbed by the reviewing Court if there be enough to support it, although there may have been other testimony strongly in conflict with it." The comparison to a jury

verdict obviously refers to the "any evidence" rule which obtains as to review of facts found by a jury.

In *Balkcom v. Turner*, 217 Ga. 610, supra (full bench and unreversed), decided only two and a half years ago, the same contention now urged was involved. Upon the habeas corpus hearing, the petitioner's testimony that he had asked for counsel before being sentenced but had been refused it, was the only testimony on the issue of denial of counsel. The trial court found in his favor on that issue and this court affirmed, stating that in view of the undisputed facts such judgment was not only authorized but was demanded. It thus held the petitioner's uncorroborated testimony sufficient to carry the burden of proof.

The case at bar is controlled by the above decisions.

(ii) Furthermore, the rule that a petitioner's uncorroborated testimony is insufficient to carry the burden of proof is contrary to established principles of evidence in this State.

The presumption in favor of the regularity of judgments and proper conduct of courts and judicial officers set forth in *Code* § 38-114, and relied upon by the plaintiff in error, is rebuttable. The ordinary rules of evidence apply in such rebuttal.

The fact that the petitioner's testimony is uncorroborated is no valid reason to disregard it. Our Code provides that "The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases . . . [exceptions not applicable here]." *Code* § 38-121.

In *Todd v. State*, 205 Ga. 363 (53 SE2d 906), this court dealt with the presumption that certain rules and regulations of the State Game and Fish Commission had been posted at the courthouse door and filed in the office of the ordinary of the counties affected 30 days before the effective date thereof, as required by law. This court said: "The law will presume, nothing to the contrary appearing, that a public officer performed his duty. But when that fact is expressly challenged, and the evidence without dispute shows that the duty was not performed, the law will not presume that to be true which the uncontradicted evidence discloses not to be true." It reversed the trial court's overruling of a plea in abatement seeking to overcome such presumption. The record of that case shows there was but one wit-

ness as to the failure to post and file a copy of the notice within the proper time.

Other decisions of this court show numerous instances of overcoming presumptions by the testimony of only one witness. For example, where a letter was properly addressed, duly stamped and deposited in the mail, the presumption of receipt by the addressee was overcome by his uncontradicted evidence that he did not receive the letter. See *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (4) (100 SE2d 902).

The fact that the petitioner is a party and is a prisoner convicted of a crime does not afford any basis to disregard his testimony. Our Code states that "No person offered as a witness shall be excluded . . . for crime or interest or from being a party, from giving evidence . . . but every person so offered shall be competent . . . to give evidence . . . except . . . [exceptions not applicable here.]" *Code* § 38-1603. These matters are factors going to credibility. Where, as here, credibility is resolved in the petitioner's favor in the habeas corpus court, his testimony cannot be nullified upon review.

(iii) Finally, it would be a miscarriage of justice to upset the finding of the trial court that the right to counsel had been denied.

This is so whether the petitioner was guilty or innocent of the crime for which he was sentenced. That he did not assert in the habeas corpus proceeding that he was innocent of the offense for which he was sentenced affords no basis to annul his testimony as to denial of right to counsel upon such sentencing. As pointed out in *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691), guilt or innocence has no bearing on the right to counsel. The decision of what plea to enter and, if one of guilty, what presentation to make to the court of possible factors in mitigation and extenuation are matters requiring the benefit of legal counsel.

Our Georgia Constitution guarantees the right of counsel to "Every person charged with an offense against the laws of this State. . ." Art. I, Sec. I, Par. V (*Code Ann.* § 2-105). This guaranty has existed since our 1868 Constitution, 95 years before the 1963 decision in Gideon v. Wainwright, 372 U.S. 335, supra. By 1874 it had become firmly entrenched in our jurisprudence,

as is shown by the statement of this court in *Martin v. State*, 51 Ga. 567, 568: "The constitutional guaranty that 'every person charged with an offense against the law shall have the privilege and benefit of counsel,' should be strictly guarded and preserved. So deeply grafted in our practice has this great right become that none are so low or so poor but that they may rely upon it. If it be so that they are unable to retain counsel, the courts will appoint counsel for them, without charge to the defendant. The same duties and responsibilities rest upon counsel thus appointed as if they received the fullest pecuniary compensation." The degree with which this guaranty of our Georgia Constitution has been fulfilled by the bench and bar of this State to all persons throughout those years is a source of just pride.

We, of course, are fully aware that some of the petitioners who are claiming denial of counsel in habeas corpus proceedings were not actually denied it, and we know that in some instances the witnesses who could refute their claims are no longer available. But that is no reason for adopting the rule sought to be invoked here. Suppose that a man was in fact denied the right to have counsel represent him at his sentencing; that his testimony convinced the habeas corpus judge of the truth of his claim; but that due to intervening death, or other cause, this man cannot produce as a witness any person who was present at his sentencing. To hold, upon review, that the habeas corpus judge could not find in that man's favor would be adopting a rule which is unjust and untenable.

Thus, for each of these three reasons, we must reject for Georgia such a rule and adhere to those rules which have with marked consistency accorded both man and state their full rights.

The finding in favor of the petitioner as to denial of counsel was authorized.

■ However, the provision of the judgment seeking to direct the Superior Court of Butts County as to sentencing in the event of reconviction is unauthorized and void. Sentencing is a matter which addresses itself to the trial court, not the habeas corpus court.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Candler, Almand and Mobley, JJ., who dissent.*

ALMAND, Justice, dissenting. The reasons for my dissent are stated in the dissenting opinion of Justice Candler in *Balkcom v. Williams*, post.