22605. BALKCOM v. SOUTHERLAND.

Argued September 15, 1964—Decided October 8, 1964—
Rehearing denied November 5, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Jr., Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General*, for plaintiff in error.

*Wallace, Breen, Mayson & Jelkes, Chester E. Wallace*, contra.

Almand, Justice. This is a habeas corpus proceeding wherein the petitioner asserted that he was being illegally held by the defendant warden under a sentence alleged to be void. In his petition he alleged: that he was charged in two accusations with the offense of sodomy in the Superior Court of Muscogee County; that he did not have funds to employ counsel and that his request for counsel was denied; on his pleas of guilty he was sentenced by the court. On the hearing the court overruled the respondent's plea of res judicata and remanded the petitioner to the custody of the Sheriff of Muscogee County after holding the sentences he was then serving to be void. The bill of exceptions assigns error on these two orders.

The warden, in his plea of res judicata, alleged: "that the same and identical issues and grounds of habeas corpus sought to be urged in this proceeding have already been urged and adjudicated adverse to petitioner herein in an application for habeas corpus filed by him in the City Court of Reidsville on December 18, 1961, in the case entitled *Ralph William Southerland vs. R. P. Balkcom, Jr., Warden;* that the said application came on for hearing on December 21, 1961, at which time said application was denied and the petitioner remanded; and that by reason of the foregoing the present application for habeas corpus is barred by res judicata." On the hearing the petitioner testified that he had previously filed a habeas corpus proceeding in the same court attacking these same sentences, and after a hearing he was remanded back to the custody of the defendant warden. On the oral argument of this case in this court counsel for the petitioner admitted that the grounds for attacking the sentences in the previous habeas corpus proceeding were the same as in the present case.

The parties and issues being identical in the two cases, the former judgment being final and unreversed, is binding and bars this second petition for the writ of habeas corpus, and is conclusive on the question of the legality or the illegality of the alleged detention. *Mitchem v. Balkcom,* 219 Ga. 47 (131 SE2d 562); *Turner v. Balkcom,* 219 Ga. 48 (131 SE2d 563); *Balkcom v. Townsend,* 219 Ga. 708 (135 SE2d 399).

The court erred in not sustaining the plea of res judicata.

*Judgment reversed. All the Justices concur.*