22694. MACK v. CONNOR, Sheriff, et al.
22695. WALLACE v. CONNOR, Sheriff, et al.
22696. CONEY v. CONNOR, Sheriff, et al.
22697. GORDON v. CONNOR, Sheriff, et al.
22698. MAJOR v. CONNOR, Sheriff, et al.
22699. SMITH v. CONNOR, Sheriff, et al.
22700. WILLIAMS v. CONNOR, Sheriff, et al.
22701. WHITFIELD v. CONNOR, Sheriff, et al.
22702. PALMER v. CONNOR, Sheriff, et al.
22703. MANOR v. CONNOR, Sheriff, et al.
22704. DIXON v. CONNOR, Sheriff, et al.
22705. MACKEY v. CONNOR, Sheriff, et al.
22706. SMITH v. CONNOR, Sheriff, et al.

ARGUED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964—
REHEARING DENIED NOVEMBER 19, 1964.

*Howard Moore, Jr., Jack Greenberg, George Smith,* for plaintiffs in error.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Jr., Assistant Attorneys General, John W. Sognier,* contra.

GRICE, Justice. Further attacks upon a statute relating to trespass upon private property (Ga. L. 1960, p. 142; *Code Ann.* § 26-3005) are made in these assignments of error complaining of the dismissal of writs of habeas corpus.

The plaintiffs in error, Glenn Smith and twelve others, in their respective petitions against their bondsman and the Sheriff of the City Court of Savannah, asserted that their prior convictions in that court for violation of such statute were illegal.

Each petitioner contended that the sentence imposed upon him was void for reasons hereinafter referred to and that his resulting restraint was unlawful. Only the sheriff filed a re-

sponse, and he denied the material allegations of the petitions. All of the petitions and evidence raise common questions and the cases were consolidated for trial. Therefore, they will be treated together here.

The statute attacked recites that "It shall be unlawful for any person, who is on the premises of another, to refuse and fail to leave said premises when requested to do so by the owner or any person in charge of said premises or the agent or employee of such owner or such person in charge. . ." Ga. L. 1960, p. 142, supra.

1. The first ground of attack, in substance, was that the dismissal of the writs of habeas corpus was error because it violated the due process and equal protection clauses of Art. I, Sec. I, Pars. III and XXV of the Georgia Constitution (*Code Ann.* §§ 2-103 and 2-125) and Section 1, Fourteenth Amendment to the United States Constitution (*Code* § 1-815).

The particulars of this ground are as follows: (a) that petitioner was requested to leave the premises solely because the proprietor maintained a policy of not serving Negroes in reliance upon such statute (Ga. L. 1960, p. 142, supra) and the city's customs and practices; (b) that petitioner's arrest and conviction was an attempt by governmental authorities to maintain a policy of racial segregation in the city under State sanction by the discriminatory enforcement of such statute; (c) that the evidence showed that such statute had been discriminatorily enforced and applied against Negroes; (d) that the evidence showed that the State of Georgia, not the proprietor, was the real party at interest in removing petitioner from the premises and was invoking such statute to effect such discrimination through designated officials in the city; and (e) that such statute is unconstitutionally vague, indefinite and ambiguous because (1) it does not require the person in authority on the premises to identify himself; (2) it does not give a person adequate warning that solely because he is a Negro he is brought within its provisions; (3) it does not set any standard of conduct to guide an owner in exercising rights thereunder; and (4) it does not prescribe any standard of conduct to guide a citizen in exercising his rights to remain on the premises.

This ground is not meritorious.

The contentions here as to violation of due process and equal protection because the request to leave was due to the proprietor's policy of segregation, the attempt by State and local authorities to maintain such policy, the discriminatory enforcement of such statute, and the State's invoking of such statute to effect such discrimination, are not maintainable in the face of the holdings in *Clark v. State*, 219 Ga. 680 (135 SE2d 270); *Durham v. State*, 219 Ga. 830 (136 SE2d 322); and *Walker v. State*, 220 Ga. 415.

The claim of unconstitutionality because of the statute's failure to require the person in authority on the premises to identify himself is also controlled adversely to petitioners by the *Clark* and *Durham* cases, supra.

The further assertions of invalidity are likewise not sustainable. The statute's absence of adequate warning that because one is a Negro he is brought within its provisions is immaterial since the statute is directed to all persons. The remaining complaints, failure of the statute to set standards of conduct to guide the owner and the persons on the property, are not valid since the statute recites such standards as being the owner's request that a person leave and such person's duty to do so.

2. The ground of attack that the petitioner at the time of his arrest was peacefully engaged in protest and petition for redress of grievances pursuant to Art. I, Sec. I, Par. XV of the Georgia Constitution (*Code Ann.* § 2-115) and the First Amendment to the United States Constitution (*Code* § 1-801), cannot be sustained in view of the holdings in the *Durham* and *Walker* cases, supra.

3. The claim that the statute (Ga. L. 1960, p. 142, supra) was applied so as to abridge the petitioner's right to make and enforce contracts for services and accommodations on the same basis as white citizens, in derogation of 42 U.S.C.A. § 1981, is not sustained by the evidence. There was testimony that pursuant to this statute white people were required to leave certain premises many times. From all of the evidence the habeas corpus court was amply authorized to find against this claim. See *Walker v. State*, supra.

4. The final complaint, that the conviction violates the

Civil Rights Act of 1964 (78 Stat. 241, 88th Congress, 2nd Session), particularly sections 201 (a), 201 (d), 202 and 203, is likewise without merit. These provisions, even if constitutional, cannot be given retroactive application to violations of this Georgia statute which occurred prior to enactment of such Civil Rights Act. Section 203's prohibition against punishment of persons attempting to exercise rights or privileges secured by section 201 or 202 obviously does not nullify the imposition of a court sentence for violation of a State statute before the enactment of this Civil Rights Act.

We find no error in the judgments of the habeas corpus court below in dismissing these writs and remanding the petitioners to the custody of the sheriff. Such judgments are therefore

*Affirmed. All the Justices concur.*