**Ernest WHIPPLER, Appellant,**

v.

**R. P. BALKCOM, Jr., Warden, Georgia, State Prison, Reidsville, Tattnall County, Georgia, Appellee.**

**No. 21726.**

United States Court of Appeals
Fifth Circuit.

March 3, 1965.

Howard Moore, Jr., Atlanta, Ga., James M. Nabrit, III, New York City, for appellant.

Albert Sidney Johnson, Asst. Atty. Gen., Atlanta, Ga., Eugene Cook, Atty. Gen., Peyton S. Hawes, Jr., Asst. Atty. Gen., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BREWSTER, District Judge.

WISDOM, Circuit Judge.

December 7, 1960, Ernest Whippler, represented by court-appointed counsel, was convicted of murder. The Superior Court of Bibb County, Georgia, sentenced Whippler to death by electrocution. The Georgia Supreme Court affirmed. Whippler v. State, 1962, 218 Ga. 198, 126 S.E.2d 744. ·The United States Supreme Court denied certiorari. Whippler v. Georgia, 1963, 375 U.S. 960, 84 S.Ct. 446, 11 L.Ed.2d 318. May 13, 1964, Whippler applied for federal habeas corpus. The district court, without holding an evidentiary hearing, dismissed the petition on the ground that Whippler, by not applying for state habeas corpus, had failed to exhaust his state remedies. We reverse: resort to Georgia courts is not necessary when Georgia law seems to be settled against post-conviction review of the petitioner's newly raised constitutional claims.

I.

In Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, the Supreme

Court said of the habeas corpus petitions then before it:

> "In each case petitions for certiorari to this Court for direct review of the state judgments rendered by the highest court of the state in the face of the same federal issues now presented by habeas corpus had been denied.

> "It is not necessary in such circumstances for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review with another petition for certiorari directed to this Court." 344 U.S. at 447, 73 S.Ct. at 402.

Three years before, the Court had reaffirmed the rule that a state prisoner must apply for certiorari in the United States Supreme Court before seeking federal habeas corpus. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Brown v. Allen assumed the continuing vitality of this requirement. In Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, the Court struck down the highest barrier posed by the exhaustion principle, holding that a state prisoner is never barred from federal habeas corpus by mere failure to exhaust state remedies no longer open to him.[1]

■ The exhaustion principle is a matter of comity, not a matter of jurisdiction. In federal habeas proceedings, "jurisdiction is confirmed by the allegation of an unconstitutional restraint and is not defeated by anything that may occur in the state court proceedings". Fay v. Noia, 372 U.S. at 426, 83 S.Ct. at 842, 9 L.Ed.2d at 861–2. The Court overruled Darr v. Burford declaring, in effect, that application for certiorari in the United States Supreme Court is not properly to be regarded as a state remedy. But Fay v. Noia expressly left intact the "settled principles" of Brown v. Allen concerning "presently available state remedies".[2]

■ The current law of exhaustion is, at the very least, this: A habeas applicant who has sought direct review of his conviction (including all the constitutional issues raised in his habeas petition) in the highest state court, even though he has sought neither certiorari in the United States Supreme Court nor collateral review in any state court, has exhausted his state remedies. If the habeas petitioner raises constitutional issues he has never presented to the state courts, and if the applicant may still present those issues, he must first exhaust his state remedies before applying for federal habeas corpus. However, scope of the state remedy may be so narrow as to be inadequate and the possibility of state relief may be so uncertain as to make resort to state courts ineffective. Indeed, relief may be foreclosed by state law. When a federal habeas petition raises a new constitutional issue it is necessary, therefore, to examine state law to determine the utility of applying the exhaustion principle.

## II.

The district court below summarized the five grounds alleged in Whippler's habeas petition:

(1) Admission in evidence, over Petitioner's timely objection, of a coerced confession.

(2) Admission in evidence, over Petitioner's timely objection, of certain evidence obtained as the result of an unlawful search and seizure.

(3) Indictment by a grand jury and trial jury [sic] by a traverse jury from which Negroes had been systematically excluded.

(4) Confinement from July 19, 1960 to December 5, 1960 without benefit of a commitment hearing.

(5) Causing Petitioner to incriminate himself by taking his fingerprints

---

1. Fay v. Noia leaves to the trial judge discretion to deny relief only to an applicant "who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies". 372 U.S. at 438–439, 83 S.Ct. at 849, 9 L.Ed.2d at 869.

2. 372 U.S. at 435, n. 43, 83 S.Ct. at 847, 9 L.Ed.2d at 867.

under the pretense of custodial purposes and actually using then [sic] to obtain a conviction.

The court, in denying relief, held that the last three grounds had never been presented to the state courts, and that state habeas corpus was available to Whippler on these grounds. The state courts did, in fact, pass on the last contention, concerning improper use of Whippler's fingerprints: that issue is treated in the opinion of the Georgia Supreme Court.[3] But the third and fourth grounds—unreasonable detention and systematic exclusion of Negroes from the jury—appear not to have been put to the Georgia courts. If Whippler may now raise either of these issues in a state habeas corpus proceeding, he has not exhausted his state remedies.

### III.

Habeas corpus in Georgia is a door that not every constitutionally deprived prisoner can open.[4] The magic words are "deprivation of counsel".[5] The ap-

plicant who cannot say them may not pass.

The Georgia rule is that habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court. Wallace v. Foster, 1950, 206 Ga. 561, 57 S.Ed.2d 920. This rule has been applied so strictly that the state is unable to cite a single case in which the Georgia Supreme Court, on habeas corpus, has held a judgment void on any ground other than denial of counsel. The state points out, however, the Georgia procedural rule that any question, constitutional or otherwise, not timely raised in the trial of a case and preserved on appeal would be considered waived and, under the "adequate and independent state ground doctrine", not subject to collateral attack.[6] Before Fay v. Noia, a state ground was considered adequate and independent if application of state substantive or procedural law

3. 126 S.E.2d at 748.

4. "The general rule is that the judgment of a court having jurisdiction of the offense and the party charged with its commission is not open to collateral attack. [Citations omitted.] The remedy by habeas corpus should be confined to cases in which the judgment or sentence attacked is clearly void, by reason of its rendition by a court without jurisdiction in the premises, or by reason of the court's having exceeded its jurisdiction in the premises * * * [Citations omitted.] The denial of due process of law, although erroneous, must be such as to deprive the court of jurisdiction." Wells v. Pridgen, 1922, 154 Ga. 397, 114 S.E. 355.

5. Since 1868 the Georgia constitution has guaranteed right of counsel to "Every person charged with an offense against the laws of this State * * *" Art. I, Sec. I, Par. V (Ga.Code Ann. § 2–105). The Supreme Court of Georgia has guarded this right with singular zeal. For habeas corpus cases holding judgments void for denial of counsel, see: Balkcom v. Gardner, 1964, 220 Ga. 352, 139 S.E.2d 129; Balkcom v. Williams, 1964, 220 Ga. 363, 138 S.E.2d 875; Balkcom v. Vickers, 1964, 220 Ga. 345, 138 S.E.2d 868; Hunsucker v. Balkcom, 1964,

220 Ga. 73, 137 S.E.2d 43; Balkcom v. Turner, 1962, 217 Ga. 610, 123 S.E.2d 918; Fair v. Balkcom, 1961, 216 Ga. 721, 119 S.E.2d 691; Grammer v. Balkcom, 1959, 214 Ga. 691, 107 S.E. 213; Wilcoxson v. Aldredge, 1941, 192 Ga. 634, 15 S.E.2d 873, 146 A.L.R. 365, cert. den'd, 317 U.S. 626, 63 S.Ct. 36, 87 L.Ed. 2d 506.

6. See, for example, Cobb v. State, 1962, 218 Ga. 10, 126 S.E.2d 231, cert. den'd, 371 U.S. 948, 83 S.Ct. 499, 9 L.Ed.2d 497 (waiver of objection to systematic exclusion of Negroes from jury (dictum)); Wallace v. Foster, 1950, 206 Ga. 561, 57 S.E.2d 920, cert. den'd, 340 U.S. 815, 71 S.Ct. 43, 95 L.Ed.2d 599 (waiver of objections to illegal procurement of testimony by prosecution and denial of fair and impartial trial because of publicity); McKay v. Balkcom, 1948, 203 Ga. 790, 48 S.E.2d 453, cert. den'd, McKay v. Aderhold, 335 U.S. 893, 69 S.Ct. 244, 93 L.Ed. 430 (waiver of objection to admission of coerced confession); Morris v. Peacock, 1947, 202 Ga. 524, 43 S.E.2d 531, cert. den'd, 332 U.S. 832, 68 S.Ct. 200, 92 L.Ed. 405 (waiver of objection to admission of coerced confession); Wilcoxson v. Aldredge, supra (waiver of objections to systematic exclusion of Negroes from jury and admission of coerced confession).

did not necessarily involve the determination of a federal question. Herndon v. Georgia, 1935, 295 U.S. 441, 55 S.Ct. 794, 79 L.Ed. 1530. And wide latitude was allowed the states in formulating rules of judicial procedure. Fay v. Noia radically altered the doctrine in holding that an independent state ground does not arbitrarily bar federal review on habeas corpus. This Court, relying on Fay v. Noia, has held the Georgia ground rule of assuming waiver from a failure to make a timely objection will not be allowed to frustrate the federally guaranteed right of a fairly constituted jury. Whitus v. Balkcom, 5 Cir., 1964, 333 F.2d 496. See the excellent discussion of this subject by Judge Bell in Cobb v. Balkcom, 5 Cir., 1964, 339 F.2d 95, 101.

The Attorney General recognizes that in Fay v. Noia, the United States Supreme Court drastically altered the adequate and independent state ground doctrine. We should not assume, so the argument runs, that the Georgia Supreme Court will be oblivious of Fay v. Noia.

But we are not reduced to assumptions or guesses. In Sims v. Balkcom, 1964, 220 Ga. 7, 136 S.E.2d 766, at p. 768, the ink of Fay v. Noia well dried, the Georgia Supreme Court, citing its own pre-Fay v. Noia decisions, said:

"The writ of habeas corpus is never a substitute for a review to correct mere errors of law. [Citations omitted.] It is an available remedy to attack a void judgment. [Citations omitted.] Therefore, we will not review in this proceeding alleged errors in holding one commitment hearing when the accused was without counsel, although his appointed counsel requested and obtained another commitment hearing at which the accused had counsel. Nor would alleged discrimination in making up the jury boxes in the absence of a timely challenge to the jury be reviewable [citations omitted] here or elsewhere, provided the accused was represented by counsel when such challenge must, under the law, be made." [7]

■ Under the language of Sims v. Balkcom, this petitioner does not qualify for Georgia habeas corpus. He has, therefore, exhausted his state remedies. He is entitled to his day in federal court to assert his federally protected rights.[8]

7. In Henry v. State of Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, before the Supreme Court on certiorari Justice Brennan, remanding to the Mississippi Supreme Court, remarked:

"The Court is not blind to the fact that the federal habeas corpus jurisdiction has been a source of irritation between the federal and state judiciaries. It has been suggested that this friction might be ameliorated if the States would look upon our decisions in Fay v. Noia, supra, and Townsend v. Sain, supra. [1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770], as affording them an opportunity to provide state procedures, direct or collateral, for a full airing of federal claims." 85 S.Ct. at 570.

The Attorney General of Georgia himself has urged the Georgia Supreme Court to broaden the grounds for state habeas corpus. In his brief (filed October 14, 1964) in Mack v. Connor, 1964, 220 Ga. 450, 139 S.E.2d 286, the Attorney General said:

"This Court has repeatedly voiced its acceptance of the supremacy rule that it is bound by decisions of the Supreme Court of the United States. Although Fay v. Noia does not alter the decisions of this court, we submit that it does compel a re-examination of the court's position. If the decisions of this court may be counted for naught and the points which it determines on the basis of state procedural grounds may be relitigated and redetermined in the federal system, Defendant feels that it is incumbent upon this court to modify its former holdings in the light of current demands of the prevailing federal law.

"Therefore, Defendant submits that habeas corpus should now be an appropriate means of attacking a conviction and sentence which is alleged to be void on constitutional grounds."

8. Cf. United States ex rel. Tucker v. Donovan, 2 Cir., 1963, 321 F.2d 114; United States ex rel. Smith v. Jackson, 2 Cir., 1956, 234 F.2d 742.

The judgment of the district court is reversed, and the case is remanded for proceedings, including an evidentiary hearing, consistent with this opinion.