### 28423. ROBERTS v. GUHL et al.

JORDAN, Justice. On June 26, 1973, the DeKalb County Board of Commissioners revoked the beer, wine, and liquor license of Hoyt Roberts, appellant here. Subsequent to the board's action, the appellant filed a complaint in the DeKalb Superior Court against the DeKalb County Board of Commissioners seeking a temporary injunction against the enforcement of the revocation, asking that the revocation be declared null and void, and that a rule nisi issue ordering the appellee to appear and show cause why these requests should not be granted. The trial court granted appellant's request for a temporary restraining order on June 27, 1973, and held a hearing on August 17, 1973. After hearing evidence the trial court denied the request for a temporary injunction, and it is from this ruling that appellant appeals.
*Held:*

1. The appellant's contention that he did not receive proper notice as required by the ordinance in question is without merit. The portion of the ordinance that provides the question in controversy here provides as follows: "No license which is issued or which may hereafter be issued by the county to any licensee hereunder shall be suspended or revoked, except for due cause as hereinafter defined, and only after a hearing before the Board of Commissioners and upon a prior five day written notice to the

holder of such license addressed to his last known address of the time, place and purpose of such hearing and a statement of the charge upon which such hearing shall be held." "Due cause" is defined as "the violation of any laws or ordinances regulating such businesses; or violation of regulations made pursuant to authority granted for the purpose of regulating such businesses; or for the violation of any State or Federal law; or for the violation of any County ordinances . . ."

The trial court, sitting as the sole finder of facts, found that appellant received by letter, dated June 18, 1973, notice of the time, place and purpose of the June 26, hearing, and that he had received prior to June 15, 1973, a hand delivered list of the charges to be considered by the Board. The trial court, in addition to the above, found that appellant had the charges read to him at a June 15, 1973, meeting of the Executive Staff of DeKalb County. The trial court's findings of fact will not be interfered with by this court unless there is no evidence to support them. *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868). In this case the evidence supports the trial court's findings on the issue of notice.

2. The appellant complains that the admission of certain evidence in the trial court was error. We do not agree. The trial court admitted into evidence the list of charges appellant received prior to June 15, 1973. This list of charges goes to the very essence of the proceeding, was identified by the appellant, and was of sufficient probative value to warrant admission.

The appellant at the beginning of the hearing in the trial court indicated that he understood that the hearing would consider all aspects of his complaint, including the lack of foundation for the charges against him. The trial court admitted testimony from an investigating officer as to what he knew about a specific violation of an ordinance. This was not error, it went to the question of whether "due cause" was shown sufficient to justify revocation of petitioner's license. The witness testified that he was the investigating officer, and that he had submitted a written report as to the violation.

3. It appears from the record that the evidence is sufficient to support the trial court's conclusion that "the Board of Commissioners of DeKalb County were authorized to suspend or revoke the licenses in question."

4. The appellant's other enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

Argued November 15, 1973 — Decided January 7, 1974.

*E. T. Hendon, Jr.,* for appellant.

*George P. Dillard, Harvey, Willard & Elliott, Wendell K. Willard, E. C. Harvey, Jr.,* for appellees.