48932. PAGE v. CITY OF HAPEVILLE et al.

Clark, Judge.

This appeal by W. T. Page is taken from a superior court judgment denying his petition for certiorari wherein he had sought to have the court reverse a ruling by the City of Hapeville which revoked his whiskey pouring license.

As owner of the business known as "The Frontier Lounge," Page was duly served with a notice to show cause why his city whiskey pouring license should not be revoked. The notice detailed the time and place of the hearing and recited seven grounds on which the revocation was sought. These read as follows: "a. Failure to operate as a restaurant under Article II, Section 3-21 (b) Code of Ordinances of Hapeville. b. You have furnished misleading information in your application and attached documents indicating a restaurant operation when in fact there is no such operation. Said action being in violation of 3-42 of Hapeville Code of Ordinances. c. Violations of Section 3-47 of said Code in improper conduct on March 27, 1973, involving John P. Howard and on March 23, 1973, involving Danny W.

Plunkett and improper conduct and use of firearms involving James L. Burke on February 15, 1973. d. Violation of Sec. 14-9 of said Code, discharging firearms within the City of Hapeville on February 15, 1973, involving James L. Burke. e. Violation of Section 26-2903 of the Code of Georgia carrying a pistol without a permit on February 15, 1973, between 2:00 and 3:00 a.m. f. Violations of Section 3-67 of Code of Hapeville serving customers on April 6, 1973 and April 7, 1973, who were not seated. g. Each of the above violations and additional violations since February 15, 1973, of Hapeville Ordinances or Georgia Law also constitutes a violation of Section 3-35 of the Hapeville Code of Ordinances." (R. 20).

Through his attorney Page filed a formal written answer. In addition to denying the allegations and averring continuous co-operation with the city officials there were three special defenses contained in the answers. Two of these defenses were on constitutional grounds. The remaining defense contended he had not violated the Hapeville Code of Ordinances "in that he has not been convicted in any Court of competent jurisdiction of the violation of any law or ordinance regulating his business or the violation of any State or Federal law, or the violation of any City Ordinance, other than traffic ordinances." (R. 23). A full-scale adversary hearing was had before the mayor and council with attorneys representing both Page and the City of Hapeville, which included testimony by Page in his own behalf. Following argument of counsel and deliberation by the mayor and city council the pouring license was revoked.

Thereafter appellant filed a petition for certiorari with the Fulton County Superior Court to review the proceedings. An answer was filed by the City of Hapeville. After reviewing the transcript of the city council proceedings and hearing arguments from counsel the trial judge entered an order denying the petition for certiorari. That order from which this appeal is taken was limited to a finding that there was evidence in the transcript to show a violation of the ordinances of the City of Hapeville regulating alcoholic beverage licenses.

1. The principal thrust of appellant's argument is

aimed at that portion of the Hapeville City Ordinance 3-35 which states "that 'due cause' for the suspension or revocation of such license shall consist of the violation of any laws or ordinances regulating such business, or violation of regulations made pursuant to authority granted for the purpose of regulating such businesses, or for the violation of any state or federal law or for the violation of any city ordinance other than traffic ordinances." Appellant argues that in the absence of a court conviction there cannot be a legal revocation. But the legal authorities do not support this position. "If the statute directs the revocation of the license on 'conviction' of such an offense, there must first have been a final judgment, conclusively establishing guilt, rendered by a court of competent jurisdiction; but, when the cause of revocation is specified as a 'violation' of the laws, the licensing authorities may act on other evidence than a judgment of conviction." 48 CJS 285, Intoxicating Liquors, § 175. In support of this proposition the encyclopedia cites *Ebling v. City of Rome,* 54 Ga. App. 608 (188 SE 727). It is therefore clear that under this ordinance the City of Hapeville is not required to show a court judgment of conviction as long as there is competent evidence sufficient to constitute a legal showing of violations.

2.   Appellant contends also there is not sufficient evidence on any of the charges to constitute "due cause." A reading of the transcript shows evidence presented by investigating officers. In *Roberts v. Guhl,* 231 Ga. 557, 558 (2) (203 SE2d 219), such testimony from an investigating officer as to his knowledge of specific violations of an ordinance was upheld as being sufficient to satisfy the "due cause" requirement.

3.   One of the constitutional attacks made by appellant is upon that portion of the Hapeville City ordinance 3-35 defining "due cause" which we have quoted in the first division of this opinion. The contention is "that provision of said ordinance defining due cause as consisting 'of the violation' of any of the named laws is patently overbroad, without limits, designed to promote total arbitrary action, and fails to provide any standard whatsoever by which any individual could prepare and

present any defenses for the charge." (Enumeration of error No. 1). We find no merit in this contention. The meaning of the word "violation" is clear. In Webster's New International Dictionary, 2d Ed., it is defined as an "infringement, transgression; nonobservance; as the violation of law, covenants, promises, etc." The notification served upon appellant specified each ordinance that was involved. This specification as to each offense is sufficient limitation to repel appellant's due process attacks.

4. Another constitutional attack is made upon Hapeville City ordinance 3-47 which makes unlawful "any disturbance of the peace, obscenity or any lewd, immoral or improper entertainment, conduct or practices." The contention is that "said ordinance is unconstitutional in being so vague and indefinite as not to give him any notice whatsoever of the acts prohibited by said ordinance." (Enumeration of error No. 4). The language here used in the ordinance is similar to that upheld in *Fowler v. State,* 189 Ga. 733 (8 SE2d 77) and *Huguley v. State,* 225 Ga. 191 (2) (167 SE2d 152) under the statute dealing with "lewdness and public indecency" which we had prior to the passage in 1968 of a new Criminal Code.

5. An additional constitutional attack is made upon Hapeville City ordinance 3-67 which provides that "No licensee for the sale of alcoholic beverages for consumption on the premises can serve any customer who is not seated, it being the purpose of this ordinance to prohibit being served while standing at the bar, or while standing in any other area of the establishment." The contention is made that this has "no reasonable relation to the public health, safety and welfare of the City of Hapeville." (Enumeration of error No. 5). Additionally the contention is made that this ordinance is invidious discrimination against appellant because his establishment has the only stand-up bar in Hapeville. We are of the opinion that the City of Hapeville acted within its police powers in restricting sales of alcoholic beverages so as to make such business incidental to the sale of food. Obviously this was done to avoid the problems known to exist with saloons and barrooms.

Nor do we find any merit in the contention of invidious discrimination. In 16 AmJur2d 918, Constitutional Law, § 528, it is stated that "[The] general rule as to classification in the imposition of burdens is that no one may be subject to any greater burdens and charges than are imposed on others in the same calling or condition or in like circumstances." In *Woodward v. City of Lithonia*, 191 Ga. 234 (3) (11 SE2d 476) our Supreme Court dealt with a similar contention and ruled adversely to appellant's position.

6. We find no merit in the remaining enumerations of error.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 8, 1974 — DECIDED JUNE 21, 1974 — REHEARING DENIED JULY 12, 1974 — ▮

*Scheer & Elsner, Robert A. Elsner, Thomas Almon, Jr.,* for appellant.

*Frank R. Lea, John E. Dougherty, Thomas F. Choyce,* for appellees.