### 29572. MYERS v. WHEELER.

JORDAN, Justice.

George Myers appeals an order of the DeKalb County Superior Court granting appellee's petition for a writ of habeas corpus in which she sought custody of their minor child based upon a Kansas decree which changed custody of the child from appellant to her.

The appellant contends that the Kansas trial court had no jurisdiction over him or the child in question at the time it changed the custody of the child and therefore it was error for the habeas court to give the Kansas judgment full faith and credit by enforcing it.

The thrust of appellant's argument is that he was no longer domiciled in Kansas at the time his wife filed her petition to have the custody of their minor child changed, and therefore the Kansas judgment is of no force and effect. Appellant contends that at the time appellee filed her petition he and the minor child were domiciled in

Georgia, and therefore neither were subject to the jurisdiction of the Kansas court.

The Kansas hearing took place on September 4, 1974, and appellant was represented by counsel. It appears from the Kansas record that no plea to the jurisdiction of the Kansas court was made, appellant's attorney cross examined witnesses, and as a result of the hearing custody of the child was awarded to appellee.

In order for appellant to have prevailed in the habeas court he had to prove that he, and therefore the child, were domiciled in Georgia at the time the suit was filed. The evidence as to this threshold question is in conflict and the habeas judge found against him.

This court has stated on many occasions that in a habeas corpus case the trial judge's perception of the facts and judgment will not be disturbed as long as there are any facts to support it. *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868). A person's domicile at any particular time is a question of fact. *Squire v. Vazquez,* 52 Ga. App. 712 (184 SE 629). The habeas judge found against appellant here and since his determination is supported by evidence it will not be disturbed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 21, 1975 — DECIDED FEBRUARY 25, 1975 — REHEARING DENIED MARCH 12, 1975.

*J. Ralph McClelland, Jr.,* for appellant.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellee.